[S. F. No. 2494.   Department One.—December 5, 1902.]

EUGENIE E. MOORE, Respondent, v. A. W. THOMPSON et al., Appellants.

DISMISSAL FOR WANT OF PROSECUTION—MOTION TO VACATE—EXCUSABLE NEGLECT—COUNTER-AFFIDAVITS—HEARSAY—DUTY OF COURT.—Upon the hearing of a motion to vacate a judgment of dismissal for want of prosecution, based upon affidavits showing a case of excusable neglect on the part of the plaintiff, the court was authorized to disregard counter-affidavits, which only expressed the opinions of the affiants, or hearsay based upon the information of others, and which they purported to give on their information and belief,—and if satisfied that the neglect was excusable, it was the duty of the court to set aside the former order.

ID.—DISCRETION—PRESUMPTIONS—BURDEN UPON APPELLANT.—All presumptions are against the abuse of discretion of the court in vacating a former judgment or order on the ground of excusable neglect; and the burden in all cases is upon the appellant to make it appear that the discretion of the court was abused in making the order appealed from.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment of dismissal. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

A. W. Thompson, *in pro. per.*, John S. Wright, and W. E. Colby, for Appellants.

H. B. Montague, and R. Percy Wright, for Respondent.

HARRISON, J.—Appeal from an order vacating an order and judgment dismissing the action for want of prosecution.

The superior court made an order in this action October 23, 1899, upon the motion of the defendant, dismissing the action for want of prosecution, and judgment thereon was thereupon entered. Subsequently the plaintiff moved the court to vacate and set aside the said order upon the ground, among others, that the same was made through her inadvertence and excusable neglect. Upon the hearing this motion was granted and the judgment was set aside. From this order the defendants have appealed.

The plaintiff is a resident of Oregon, and at the commencement of the action Mr. R. Percy Wright was her attorney, by whom the complaint was filed, and who remained her attorney of record until August 4, 1899, when, by an order of court, Mr. H. B. Montague was substituted in his place. Notice of this substitution was served upon the defendants August 7th, and on August 16th they gave him notice that on the 25th of that month they would move to dismiss the cause for want of prosecution, accompanying the same with affidavits tending to show that the controversy between the parties had been settled. At the hearing upon this motion an affidavit by the plaintiff was read in response thereto, in which she stated that she had relied upon Mr. Wright as her attorney for the prosecution of the cause until the substitution of Mr.

Montague, and that the delay in prosecuting the case had been without her knowledge or consent. Upon these affidavits the court granted the motion of the defendant. Thereafter Mr. Montague gave notice to the defendant of a motion on behalf of the plaintiff to vacate this order, accompanying the same with affidavits of himself and Mr. Wright. In his own affidavit he stated, in reference to the affidavits upon which the former motion of the defendants was based, that at the hearing thereof he was entirely ignorant of the statements therein relating to the previous history of the case, and that prior to the hearing he had made many efforts to obtain an interview with the former attorney of the plaintiff, Mr. Wright, but had failed to find him or obtain any knowledge of his whereabouts; that after the granting of the motion he continued his efforts to find Mr. Wright, and when he did find him and exhibited to him the affidavits on which the motion had been made, Mr. Wright stated to him that many of the statements therein were erroneous, and, at Mr. Montague's request, agreed to make an affidavit setting forth a true statement of the facts. Mr. Wright in his affidavit set forth various matters relating to the controversy between the parties, controverting any claim that there had been a settlement of the controversy, and also setting forth as one of the grounds for not having prosecuted the action that, as the principal defendant had been absent from the state since its commencement, he had been unable to get service of the summons upon him, and the cause was therefore not fully at issue. He also stated that he did not know of the motion to dismiss the action until he was informed thereof by Mr. Montague some time after it had been granted. He also presented in his affidavit certain facts tending to show that there were good reasons for Mr. Montague's failure to find him and procure an affidavit from him prior to the hearing of that motion, and that such failure was not the result of carelessness or neglect.

The main ground of the present motion was the excusable neglect on the part of the plaintiff at the hearing of the prior motion, and the basic fact of this ground was the failure of Mr. Montague to procure and present at that hearing an affidavit from Mr. Wright in reply to the affidavits on the part of the defendants. If these affidavits on the part of the plaintiff were sufficient to satisfy the court that Mr. Montague

had made a reasonable effort to find Mr. Wright, and that he had shown a sufficient reason for his failure to find him, it was justified in holding that his neglect to find him was excusable. The facts upon this point which were set forth in the affidavits of Mr. Montague and Mr. Wright were not controverted at the hearing. The counter-affidavits filed on behalf of the defendants were only the opinions of the affiants, or hearsay, based upon the information of others, and which they purported to give on their "information and belief." The court was therefore fully authorized to disregard them.

Under section 473 of the Code of Civil Procedure the court is authorized to relieve a party from a judgment, order, or other proceeding taken against him through his inadvertence or excusable neglect, and this provision of the section being of a remedial nature, is to be liberally construed. The exercise of the authority given to the court by this section is confided to its discretion, and will not be disturbed upon an appeal therefrom, unless it shall be made clearly to appear that such discretion was abused. (*Seymour* v. *Wood,* 63 Cal. 81; *Buell* v. *Emerich,* 85 Cal. 116; *Nicoll* v. *Weldon,* 130 Cal. 666; *Winchester* v. *Black,* 134 Cal. 125, and cases there cited.) The rule is equally applicable whether the motion is granted or refused, although it has been said in some cases that we listen more readily to an appeal from an order refusing to set aside a default than where the motion has been granted. All presumptions will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that its discretion was abused in making the order.

An order granting a motion to dismiss an action for want of prosecution is also a motion resting largely in the discretion of the trial court, and will not be interfered with on appeal unless it appears that such discretion has been abused; but a motion to set aside that order, made to the court by which it was granted, is not only itself addressed to the discretion of the court, but this discretion may be affected or controlled by facts brought to its notice which were not before it on the original hearing, and if in its opinion these facts qualify the facts originally presented, so that upon a consideration of the whole a different result might be reached, its discretion is properly exercised by vacating the former order.

The underlying question to be determined in such cases is whether there was any neglect of the moving party in not presenting these facts at the hearing of the original motion, and if there was, whether such neglect was excusable. These are facts which are to be determined by the superior court upon the proofs presented to it, and if it is satisfied that the neglect was excusable, it is its duty to set aside the former order. (See *Melde* v. *Reynolds*, 129 Cal. 308.) Upon the facts set forth in the affidavits filed in support of the present motion, the superior court in granting the motion must have found that the neglect of the plaintiff to procure the affidavit of Mr. Wright was excusable, and it must be held that the appellants have failed to show that in granting the motion the court abused its discretion.

The order is affirmed.

Van Dyke, J., and McFarland, J., concurred.