[Civ. No. 909.    Second Appellate District.—February 24, 1911.]

## A. D. BOND, Respondent, v. KARMA–AJAX CONSOLIDATED MINING COMPANY, a Corporation, Appellant.

JUDGMENT BY DEFAULT—MOTION TO VACATE—INADVERTENCE AND EXCUSABLE NEGLECT—CONTRADICTING AFFIDAVIT OF MERITS—APPLICABILITY OF RULE.—The rule applicable where a party moves to vacate a judgment by default under section 473 of the Code of Civil Procedure, for inadvertence and excusable neglect, and makes a showing sufficient to justify the relief, that the moving party cannot be deprived of relief because the affidavit of merits filed with the motion is overcome by counter-affidavits, does not apply where it is rightly decided that no case of inadvertence or excusable relief is shown, since he is not then entitled to set aside the judg-

ment, no matter how strong or satisfactory may be his affidavit of merits, and any error in admitting counter-affidavits to overcome the same cannot be prejudicial.

ID.—ORDER DENYING MOTION—REVIEW UPON APPEAL—ABUSE OF DISCRETION.—Before an appellate court is authorized to disturb an order denying a motion to set aside a judgment under section 473 of the Code of Civil Procedure, it must clearly appear that the court has abused the discretion committed to it, and that it is against the evidence.

ID.—RECORD SHOWING REASONABLE DISCRETION—SUPPORT OF EVIDENCE. It is held that the record upon appeal makes it clear that the order of the court appealed from was within the limits of a reasonable discretion, and was supported by competent evidence.

ID.—JUDGMENT AGAINST CORPORATION—JURISDICTION OF SUPERIOR COURT. The judgment could not be vacated for want of jurisdiction of the superior court in which it was rendered, though the county in which it was brought was not within the terms of section 16 of article XII of the constitution.

ID.—PERMISSIVE CONSTRUCTION OF CONSTITUTION—GENERAL JURISDICTION OF SUPERIOR COURT.—Section 16 of article XII of the constitution, as to the jurisdiction of corporations, is held to be permissive in effect, and to have been intended to give the plaintiff the right to choose the county in which he desires to prosecute the action. That section does not deprive the superior court of any county in the state of jurisdiction to hear all classes of actions generally within the limits of the jurisdiction conferred upon it by section 5 of article VI of the constitution.

ID.—SERVICE OF SUMMONS UPON PRESIDENT—JURISDICTION OF CORPORATION.—The superior court having jurisdiction of the subject matter of the action, and having acquired jurisdiction of the corporation by service of the summons upon its president, and he having permitted default against the corporation in the belief that the claims sued upon were valid claims against it, the superior court had jurisdiction to render a judgment by default against the corporation, whatever right it may have had, if it had appeared, to change the place of trial to its principal place of business upon a proper showing.

APPEAL from an order of the Superior Court of Kern County denying a motion to vacate a judgment by default. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

F. C. Austin, and Byron Waters, for Appellant.

Walter R. Leeds, for Respondent.

JAMES, J.—This action was brought to recover the sum of $9,190.30, alleged to be owing by defendant corporation upon various claims, for merchandise furnished, money advanced and services rendered, all of which were assigned to plaintiff prior to the bringing of suit. No answer having been filed on the part of defendant, judgment was entered against it by default. Service of summons in the action was made upon John A. Gerner, president of defendant, in the city of Los Angeles on November 30, 1908. On May 19, 1909, judgment was rendered. A motion was presented on September 13, 1909, by defendant, whereby it asked to be relieved from its default and allowed to answer on the ground of inadvertence and excusable neglect, and the further ground that the judgment was entered without jurisdiction. An appeal is taken from the order denying that motion.

From the affidavits used on the hearing of the motion, it appears that at the time of the service of summons Gerner was the president and a large stockholder of defendant corporation; that his holdings of stock, together with those of relatives and friends, made up a large majority of the shares issued; that when served with summons as president of the corporation, Gerner believed that the claims sued on were all justly due, and for that reason did not formally call the matter to the attention of the board of directors and caused no defense to be made in the action. It further appeared that at the time the suit was commenced the corporation was not actively engaged in business, and that no regular directors' meetings were being held. On the part of defendant, affidavits were submitted in which a considerable portion of the alleged indebtedness was denied to be owing, and it was then set out that Gerner had not only failed to inform the board of directors of the fact of the bringing of the action, but that he had concealed information of the pendency of the same from the board of directors, and that a defense would have been interposed had the directors been apprised of the fact that the corporation had been sued. An affidavit of merits sufficient in form and substance was filed by defendant and, over its objection, counter-affidavits were allowed to be filed thereto. In its order denying the motion to vacate the judgment, the court recited that the motion was denied "on the ground that there appears to the court to be no surprise,

excusable negligence, or inadvertence on the part of defendant." The decisions, cited in support of appellant's contention that such error was committed by the court in allowing the counter-affidavits on the question of merits to be filed as to require that its order be reversed, are not applicable to this case. It is unquestionably established that if a party applying to the court to be relieved from the results of his default, under section 473 of the Code of Civil Procedure, makes out a satisfactory showing of inadvertence or excusable neglect, and files a sufficient affidavit of merits, he cannot be denied relief because the opposite party produces proof by affidavits which, in the opinion of the court, overcomes the *prima facie* showing of merits made by such defendant. But until the primary question as to whether or not there has been excusable inadvertence or neglect has been determined in favor of a moving party, he is not entitled to relief, be his showing of merits ever so strong or satisfactory. Where it is rightly decided, therefore, that no case is presented of excusable neglect or inadvertence, then any error committed by the court in admitting or refusing to admit proof touching the merits of the controversy cannot be prejudicial. In the decisions to which reference is made by appellant (notably, *Douglass* v. *Todd,* 96 Cal. 657, [31 Am. St. Rep. 247, 31 Pac. 623], and *Rauer's Law etc. Co.* v. *Gilleran,* 138 Cal. 354, [71 Pac. 445]), where orders of the kind under review here were considered and reversed, it appears in each of the cases that the evidence which was received contradicting the showing of merits controlled the court in making the orders appealed from. In this case the court specified in its order that it found that there had been no excusable neglect or inadvertence. Hence, the admission of the affidavits in rebuttal of the showing made by appellant that it had a meritorious defense to the action, if error, was not prejudicial.

It is next contended that under the showing of excusable neglect, as made, defendant was entitled to have the judgment vacated and leave granted it to answer. Before an appellate court is authorized to disturb an order, made upon a motion to set aside a judgment under the provisions of section 473, it must clearly appear that the court making the order has abused the discretion committed to it; otherwise stated, that the order is without any evidence whatsoever to sustain it.

(*Moore* v. *Thompson*, 138 Cal. 23, [70 Pac. 930]; *Nicoll* v. *Weldon*, 130 Cal. 666, [63 Pac. 63].)   Only a brief abstract of the substance of a portion of the affidavits as they were presented to the court at the time of the hearing of the motion has been set out herein, but enough is shown to make it clear that the judgment of the court was exercised within the limits of a reasonable discretion and was supported by competent evidence.

We now reach the third point urged as a reason why the motion to vacate the judgment should have been granted: It is insisted that the superior court of Kern county had no jurisdiction over the subject matter of the action, nor of the defendant corporation.   Section 16, article XII, of the constitution of California is cited in support of this claim.   That section provides as follows: "A corporation may be sued in the county where the contract is made or is to be performed, or where the obligation or liability occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases."   At the time this action was commenced defendant had its principal place of business within the city of Los Angeles, and it may further be said, or at least assumed, that the record sufficiently shows that defendant did not agree to satisfy any of the obligations sued upon in the county of Kern, and that it did not there contract for the performance or furnishing of any of the things which were furnished or performed by plaintiff's assignors.   If, under the section quoted of the constitution, the term "may be sued" is to be interpreted as though it read "must be sued," then there would be no escape from the conclusion which defendant's counsel urges, to wit, that this action was wrongly brought in a county where defendant corporation could not be sued, and hence that the judgment was rendered without jurisdiction.   This precise question has been before our supreme court and very fully considered in several decisions. In these cases it has been held that section 16, article XII, is permissive in its effect; that it is intended to give to a plaintiff the right to choose which of the counties he will prosecute his action in, and that having chosen one of the counties enumerated, if it perchance happens to be one within which the principal place of business of the corporation is not

located, the corporation sued cannot secure a change of place of trial on the ground that the action is not brought in the county of its residence. It is distinctly held that this constitutional provision does not deprive the superior court of any county of the state of jurisdiction to hear and determine all classes of actions generally, within the limits of its jurisdiction as defined in another article of the constitution. (*Fresno National Bank* v. *Superior Court*, 83 Cal. 491, [24 Pac. 157]; *Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.*, 107 Cal. 378, [40 Pac. 495]; *Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586, [66 Pac. 856].) Section 5 of article VI of the constitution defines the jurisdiction of the superior courts; the only limitation as to the place of commencement of any action is expressed in the concluding portion of that section, as follows: "Provided that all actions for the recovery of possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." The causes of action set out in plaintiff's complaint in no way concerned the title or right to the possession of real estate, or the matter of any lien connected therewith. The superior court of Kern county had jurisdiction of the subject matter of the action, and it obtained jurisdiction of defendant corporation by proper service of summons on its president. (*Herd* v. *Tuohy*, 133 Cal. 55, [65 Pac. 139].) The legislature has the power, which it has exercised in the enactment of certain sections of the Code of Civil Procedure, to determine in what counties trials of certain actions must be had. Of course, under the provisions of section 16, article XII, and the decisions construing that section which have been hereinbefore cited, it could not be provided by statute that a change of place of trial could be had on the ground of residence in another county, where the conditions affecting the subject matter are among those enumerated in said section 16. Had the defendant appeared in this action before judgment was taken and in time, it might have made a showing sufficient to entitle it to a transfer of the action for trial in Los Angeles county. "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time

he answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.'' (Code Civ. Proc., sec. 396.)   No appearance by answer or demurrer having been made, the judgment as entered against defendant is regular and valid.

The order appealed from is affirmed.

Allen, P. J., and Shaw, J., concurred.