[Civ. No. 1198. Third Appellate District.—May 7, 1914.]

## WILLIAM DURBROW, Appellant, v. J. P. CHESLEY, Respondent.

Default Judgment—Appeal from Order Vacating—Jurisdiction of Trial Court to Reconsider Matter.—After the perfecting of an appeal from an order setting aside a default judgment, the superior court is without jurisdiction to permit the matter to be reopened upon fortified affidavits or any new showing.

Id.—Order Vacating Default—Reversal on Appeal.—Although an order setting aside a default judgment for inadvertence will not be reversed except where an abuse of discretion is shown in making it, and any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits, yet if no valid excuse for the inadvertence is made, the order will be vacated on appeal.

Id.—Affidavit of Attorney—Insufficiency to Warrant Vacation of Default.—An affidavit of the defendant's attorney reciting that he did not file an answer in time because there were other actions pending between the parties, and that he had a conversation with the plaintiff's attorney relative to the consolidation of all the actions, does not warrant the court in vacating a default judgment, when it does not appear that the plaintiff's attorney consented to the consolidation, but it does appear, by his uncontradicted affidavit, that the suggested consolidation came before the court on the defendant's motion and was denied seven days before the last day · given the defendant by law in which to answer.

APPEAL from an order of the Superior Court of Butte County setting aside a default judgment. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. R. King, and Carleton Gray, for Appellant.

E. J. Corkin, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order setting aside a default judgment. The action was claim and delivery. Summons was duly served, on June 28, 1913. On July 9, 1913, the default of defendant was duly entered and, on the

same day, counsel for plaintiff appeared in court and sub-
mitted evidence in support of the complaint and judgment
was entered and recorded.   Thereafter and on the same day,
defendant's attorney filed a notice of motion to set aside
said judgment on the ground of mistake, inadvertence, and
excusable neglect and the court ordered plaintiff and his at-
torney to appear on July 15, 1913, and show cause why said
motion should not be granted.   The motion was supported by
the affidavit of defendant and by affidavit of his attorney,
E. J. Corkin, and was opposed by affidavit of plaintiff's at-
torney.   Defendant's attorney, in his affidavit, stated that
summons and complaint were handed him on June 28, 1913,
and proceeds: "I was prevented from acting in the action
owing to the fact that there were other actions between the
same party and I had a conversation with the plaintiff's at-
torney that all these actions would be consolidated and tried
as one action and that this was the best manner to proceed
and that when this was done all of the actions would be de-
cided together.   I further state that I have fully and fairly
considered the facts in this action and believe that J. P.
Chesley has a good and substantial defense for the action and
I verily believe the same to be true."   Defendant deposed:
"That on June 28, 1913, I gave the same (referring to the
summons) to E. J. Corkin, of Corkin & Corkin, attorneys,
with instructions that the same be answered in due time, and
that I presumed that it had been done."   He further states
that he believes he has a good and valid defense to the action
and has been so advised by his attorneys.

Plaintiff's attorney deposed that, on June 30, 1913, defend-
ant made a motion in said action that said action and certain
other actions (giving their titles) be consolidated; that plain-
tiff opposed said motion and the court denied the same; "that
at the time said motion was denied said defendant had re-
maining seven days in which to appear in said action; and
that since said motion was denied affiant never had any con-
versation whatever with said E. J. Corkin or with any of the
counsel for defendant in regard to consolidating said actions
and affiant never, at any time, had any conversation with any
one extending the time for said defendant to appear in said
action."   The motion was heard on these affidavits, on July
15, 1913, and the court on that day granted the same.   Plain-

tiff, on the same day, filed notice of appeal from the order to this court.

The following August defendant's attorneys served and filed a notice that they would move the court, at a time noticed, "that the order setting aside default judgment, and allowing the defendant in the above entitled action to file an answer, be reconsidered, and that defendant be allowed to file an amendéd affidavit of merits, and to reconsider the whole matter, and upon the affidavits filed, and the amended affidavit to be filed, and all the papers on record in this action to make a new order setting aside the default judgment, and allowing the case to be tried upon the issue alleged in the complaint and denied in the answer on file." The court granted this motion. It is not necessary further to state what appears in the record concerning the hearing of this last motion. In an opinion in the action, filed December 31, 1913, on motion by respondent to dismiss the appeal, it was very clearly pointed out that, after taking and perfecting the appeal from the order or judgment made by the superior court to this court, the superior court lost jurisdiction "to make any order or to carry out any proceedings in such action which would have the effect of vitiating the appeal or preventing the review of all alleged errors brought up by a duly prepared and authenticated record." The question now before us is confined to the record of the proceedings first taken on the motion to set aside the default judgment. The court was without jurisdiction to permit the matter to be reopened upon fortified affidavits or any new showing that was attempted to be made.

It is the rule that an order setting aside a default judgment will not be reversed except where an abuse of discretion is shown in making it (*Merchants' Ad-Sign Co.* v. *Los Angeles,* 128 Cal. 619, [61 Pac. 277]) ; and any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. "The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default." (*Jergins* v. *Schenck,* 162 Cal. 747, [124 Pac. 426]. See, also, *O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004].) In *People* v. *O'Connell,* 23 Cal. 282, the default judgment was set aside on motion without any affidavit or other showing.

The order was reversed, the court saying: "The facts should be made to appear by affidavit, or other proper proof showing that the case is one provided for by said section (Practice Act, sec. 68) to authorize the court to make the order." In *Bailey* v. *Taaffe*, 29 Cal. 423, the order setting aside the default judgment was reversed on the ground that the affidavit in support of the motion was insufficient. In speaking of the discretion with which the trial court is clothed, in such case, the court said: "the discretion, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." It was also suggested, as the proper practice, though not absolutely necessary, that the applicant should exhibit to the court his proposed answer; and if the appellate court is satisfied from the showing, made on the motion, that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other. In *Sherman* v. *Jorgensen*, 106 Cal. 483, [39 Pac. 863], the court said: "Inadvertence in the abstract is no plea upon which to set aside a default. The court must be made acquainted with the reasons for the inadvertence; and, if satisfactory, will act upon them and relieve from burdens caused by them; but, if the inadvertence is wholly inexcusable, as if it arises from gross negligence, the court will not look upon it kindly, and will have none of it." *Redding etc. Min. Co.* v. *National Surety Co.,* 18 Cal. App. 488, [123 Pac. 544], was another case where an order opening a default was reversed for insufficient showing in its support.

We think the affidavit of defendant's attorney is wholly insufficient as a basis for the order. In the statement that he had a conversation with plaintiff's attorney concerning the consolidation of certain cases, not identified or shown to have any necessary relation to each other, it does not appear that plaintiff's attorney consented to such consolidation, and in the uncontradicted affidavit of plaintiff's attorney it appears that the suggested consolidation came before the court on defendant's motion and was denied, seven days before the last

day given defendant by law in which to answer. Conceding that such conversation occurred before the motion last referred to was made and denied, nothing was said during the conversation about extending the time in which to answer the complaint. In fact, had a consolidation of certain cases been contemplated, it would still have been the duty of defendant to answer in time. The most that can be said of the affidavit is that defendant's attorney had a conversation with plaintiff's attorney about pursuing a certain course, but nothing appears to show that any agreement or understanding grew out of the conversation. On the contrary, it appears, as already stated, by the uncontradicted affidavit of plaintiff's attorney that he opposed a consolidation and the court refused to make the order. The excuse for not answering or otherwise appearing, it seems to us, is wholly wanting in merit, and that the trial court erred in accepting it as sufficient.

The order is reversed.

Hart, J., and Burnett, J., concurred.