[Civ. No. 4935. First Appellate District, Division One.—May 19, 1925.]

THE FINK & SCHINDLER COMPANY (a Corporation), Appellant, v. JOHN GAVROS et al., Respondents.

[1] PLEADING—DEFAULT JUDGMENT—MOTIONS TO VACATE—GROUNDS—SUFFICIENCY OF NOTICES.—In this action, the notices of motions by the defendants to set aside their default and the default judgment entered against them, each of which stated that the motion would be "made and based on the records, proceedings herein, this

notice and papers copies of which are attached herewith," with the attached affidavits of the defendants and their proposed answers, were sufficient to apprise plaintiff that the motions sought relief under section 473 of the Code of Civil Procedure, and that the grounds of the motions were the alleged mistake, inadvertence, and excusable neglect of the defendants.

[2] ID.—INSUFFICIENT DENIALS—NEGATIVE PREGNANT.—In an action to recover a specified sum of money, based on two counts, one for the reasonable value of materials and labor furnished and the. other for such materials and labor at the agreed price stated, denials, as to the first count, that the reasonable value of the materials and labor was the sum specified and, as to the second count, that the agreed price thereof was said sum, being in the form of a negative pregnant, admit that the value of the labor and materials and the agreed price therefor are of a value and agreed price of any sum less than that stated.

[3] ID.—MOTION TO VACATE DEFAULT—INSUFFICIENT EVIDENCE.—In such action, on the motion of one of the defendants to set aside his default, entered against him for failure to demur or answer after personal service, evidence consisting of a proposed answer, which is wholly insufficient, and certain affidavits and oral testimony, showing that two days after receiving the complaint said defendant consulted a certain attorney, who had also been consulted by his codefendant, that he and his codefendant were jointly interested in the matters alleged in the complaint, that he did not employ said attorney, believing that his interests would be protected by said attorney in representing his codefendant, and that, relying on said belief, he made no effort to procure the assistance of counsel until after the entry of default and judgment against him, does not show any misunderstanding, mistake, or excusable neglect which would warrant relief under section 473 of the Code of Civil Procedure.

[4] ID.—EVIDENCE — DISCRETION — APPEAL.—In such an action, where the evidence offered by one of the defendants in support of his motion to vacate and set aside his default shows that, upon receiving the complaint, he consulted a certain attorney, that he knew the necessity of filing his answer before the expiration of the time fixed by a stipulation procured by said attorney, that he understood and believed that said attorney had undertaken to represent him, that an engagement had been made with said attorney on the day before the last day to answer for the purpose of preparing his answer to the complaint, that just prior to such time he became seriously ill and remained wholly incapacitated until after his time to answer had expired, and that said attorney, not knowing that he was definitely employed, but thinking that

3. See 14 Cal. Jur. 1039.

defendant had procured other counsel, made no appearance by demurrer or answer in the action, and the proposed answer of said defendant raises material issues as to the agreed price and the reasonable value of the materials and labor, the appellate court cannot say that the trial court abused its discretion in granting said defendant relief from the default.

[5] Id.—Affidavit of Merits—Verified Answer.—In such action, the affidavits of said defendant and his attorney setting forth that he had stated the facts of the case fully and fairly to his attorneys, and was advised that he had a good and meritorious defense to the action, constitute a sufficient affidavit of merits, when considered in connection with his verified answer which alleges that there was no agreement as to price as averred in the complaint and that the merchandise and labor furnished were of the reasonable value of a specified sum, which was less than one-half of that stated in the complaint.

---

(1) 34 **C. J.**, p. 351, n. 36.    (2) 31 **Cyc.**, p. 203, n. 35, 38.    (3) 34 **C. J.**, p. 305, n. 69.    (4) 4 **C. J.**, p. 840, n. 33; 34 **C. J.**, p. 305, n. 69, p. 316, n. 44, p. 429, n. 79.    (5) 34 **C. J.**, p. 339, n. 17.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating and setting aside a default judgment. E. P. Shortall, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

George W. Walker and Russell W. Cantrell for Appellant.

Julian H. Biddle for Respondent John Gavros.

Franklin M. O'Brien for Respondent George Panagiotaros.

CASHIN, J.—Appeal by the Fink & Schindler Company, a corporation, from an order of the superior court of the city and county of San Francisco, vacating and setting aside as to each of the respondents John Gavros and George Panagiotaros a default judgment entered therein.

The facts are as follows: The appellant on January 15, 1924, filed its complaint against respondents alleging an indebtedness of $1,404, with interest. The complaint contained two counts, one for the reasonable value of materials

---

and labor furnished, the other for such materials and labor at an agreed price of the above-stated amount. Summons was served on respondents in said city and county on January 21, 1924. Thereafter, respondents not having demurred or answered to the complaint, judgment for the amount prayed was on February 14, 1924, entered against them. Thereafter, on February 27, 1924, respondents separately served and filed their motions to vacate the judgment of default, which motions were on April 1, 1924, granted, with permission to file their proposed separate answers, on condition that the appellant be paid the sum of $50, which sum was by respondents deposited with the clerk of the court. The affidavit attached to appellant's complaint as a verification, made by its attorney, was not in substance or form sufficient to constitute a verification thereof under the provisions of section 446 of the Code of Civil Procedure.

It is urged by appellant that respondents' several motions were insufficient in that the notices failed to state the grounds thereof in accordance with section 1010 of the Code of Civil Procedure, and that no facts were stated in the attached affidavits and answers showing diligence, mistake, inadvertence, or excusable neglect or a defense to the action, and that the court in granting the motion abused its discretion.

[1] The notices of motion each stated that the motion would be "made and based on the records, proceedings herein, this notice and papers copies of which are attached herewith," and thereto were attached the affidavits and proposed answers referred to. We are of the opinion that the notices with the papers attached were sufficient to apprise appellant that the motion sought relief under section 473 of the Code of Civil Procedure, and that the grounds of the motion were the alleged mistake, inadvertence, and excusable neglect of respondents (*Reher* v. *Reed*, 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353]).

[2] Respondent Gavros, by affidavit in support of his motion, states that on January 23, 1924, he consulted attorney James J. McEntee, Jr., who had also been consulted by respondent Panagiotaros; that respondents were jointly interested in the matters alleged in the complaint; that he did

not employ McEntee, believing that his interests would be protected by the attorney in representing Panagiotaros. It further appears from the affidavits of McEntee and from his testimony at the hearing on the motions, with the affidavit of respondent Panagiotaros in support of the Gavros motion, that McEntee was not employed by Gavros, and, according to the attorney, he was not employed by either respondent, but requested to procure by stipulations from appellant an extension of time for each until February 10, 1924, to plead, which he did. Respondent Gavros, relying on the belief as stated, made no effort to procure the assistance of counsel until after the entry of judgment. His verified answer denied on information and belief the corporate existence of appellant, and conjunctively the allegations of both counts of the complaint, as to the first count denying that the reasonable value of the merchandise and labor was the sum of $1,404, and as to the second, that the agreed price thereof was said sum. The denials in the form of a negative pregnant admitted that the value of the labor and materials and the agreed prices therefor were of a value and agreed price of any sum less than $1,404 (*Schroeder* v. *Mauzy,* 16 Cal. App. 443 [118 Pac. 549]).

The evidence presented in support of the motion of respondent Panagiotaros was that he had consulted McEntee, and knew the necessity of filing his answer before the expiration of the time fixed by the stipulation; that he understood and believed that the attorney had undertaken to represent him; that an engagement had been made with McEntee for the purpose of preparing his answer to the complaint on the day before it became due; that on the preceding day said respondent became ill and was, as a result thereof, incapacitated for a period including the day of the engagement and for several days after the last day for appearance in the action; that he failed for that reason to visit the attorney and did not communicate with him until after the entry of judgment. The attorney, not understanding that respondent intended to employ him, and not hearing from respondent on the agreed day, and not knowing his address, believed that other counsel had been employed, and made no appearance by demurrer or answer in the action, and under such belief stated to counsel

for appellant before the entry of the default that he did not intend to appear for respondent. It further appears that no payment as a retainer or for costs had been made. The verified answer filed by respondent Panagiotaros was, as to its denials, in form substantially the same as that of Gavros, but, as a special answer and defense, alleged that there was no agreement as to price as averred in the complaint, and that the merchandise and labor furnished were of the reasonable value of $550 and no more.

On these facts the trial court concluded that the default was due to mistake, inadvertence, and excusable neglect on the part of respondents; that each had a defense to the action on the merits and that the default and judgment should be set aside.

[3] We are of the opinion that the evidence on which the court based its conclusion as to respondent Gavros was wholly insufficient; that no misunderstanding, mistake, or excusable neglect was shown as to him which would warrant relief under section 473 of the Code of Civil Procedure. [4] As to respondent Panagiotaros, we cannot say that the evidence does not reasonably support the conclusion of the court that his failure to answer was due to his mistake, inadvertence, and excusable neglect.

All presumptions being indulged in favor of the court's action, we cannot say that it abused its discretion in granting relief to respondent Panagiotaros (*Moore* v. *Thompson*, 138 Cal. 23 [70 Pac. 930]; *Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394 [90 Pac. 934]; *Johnson* v. *Schenck*, 162 Cal. 747 [124 Pac. 426]).

[5] Appellant urges further that the affidavit of merits filed by respondent Panagiotaros was insufficient. The affidavits of said respondent and his attorneys set forth that he had stated the facts of the case fully and fairly to his attorneys, and was advised that he had a good and meritorious defense to the action. This, with the allegations of the verified answer served and filed, was in our opinion sufficient.

The order is reversed as to respondent John Gavros and affirmed as to respondent George Panagiotaros.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on June 18, 1925, and appel-
lant's petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on July 16, 1925.

All the Justices concurred.