[Civ. No. 3220.    Third Appellate District.—April 30, 1927.]

## C. F. STARTZMAN, Respondent, v. LOS BANOS COTTON GINS, INC. (a Corporation), Appellant.

[1] APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL.—An order denying a motion for a new trial is not appealable under section 963 of the Code of Civil Procedure, and an appeal from such an order must be dismissed.

[2] JUDGMENTS — MOTION TO VACATE — EXCUSABLE NEGLECT — DISCRETION—APPEAL.—Whether a motion under section 473 of the Code of Civil Procedure, to vacate a judgment on the ground of surprise, inadvertence, or excusable neglect shall or shall not be granted is a matter resting in the sound discretion of the trial court, and an order granting or denying such motion will not be disturbed on appeal unless it clearly appears from the record that in making such order the trial court has been guilty of an abuse of discretion.

[3] ID.—ATTORNEY AT LAW—FAILURE TO APPEAR AT TRIAL AS GROUND FOR VACATING JUDGMENT—AFFIDAVITS—DISCRETION.—The fact that defendant's counsel was engaged in the trial of a cause in another court, which prevented his being present at the trial and that another attorney did not receive substitution of attorneys in time to enable him to defend the action, was not sufficient, in view of the showing made by affidavits and counter-affidavits, to show that the trial court abused its discretion in denying defendant's motion to vacate the judgment on the ground of surprise and excusable neglect, under section 473 of the Code of Civil Procedure.

---

1. See 2 Cal. Jur. 173.

2. See 2 Cal. Jur. 910.

[4] ID.—SECTION 473, CODE OF CIVIL PROCEDURE—RELIEF DEPENDENT UPON PECULIAR FACTS OF CASE.—Where relief from a judgment is sought on the ground of surprise, inadvertence, or excusable neglect, under section 473 of the Code of Civil Procedure, each case must be judged by and rest upon its own peculiar facts.

---

(1) 3 C. J., p. 507, n. 61; 4 C. J., p. 571, n. 4.   (2) 4 C. J., p. 839, n. 26, 27.   (3) 34 C. J., p. 315, n. 32.   (4) 34 C. J., p. 365, n. 67.

APPEAL from orders of the Superior Court of Merced County denying motions for a new trial and to vacate and set aside a judgment. E. N. Rector, Judge. Appeal from order denying new trial dismissed; appeal from order denying motion to vacate judgment affirmed.

The facts are stated in the opinion of the court.

R. R. Sischo for Appellant.

Andrew R. Schottky for Respondent.

HART, J.—Defendant appeals from an order denying it a new trial and also from an order denying its motion to set aside and vacate the judgment rendered and entered against it herein.

On the sixteenth day of January, 1926, the plaintiff brought this action to recover from the defendant the sum of $625, alleged to be the balance due him from the defendant "for work, labor and services performed and rendered for defendant by plaintiff, from October 1, 1925, to January 15, 1926, . . . for which work . . . defendant agreed to pay plaintiff the sum of $300.00 per month." On the fourth day of March, 1926, the defendant filed a demurrer to the complaint upon both general and special grounds, and, on March 15, 1926, the demurrer was overruled, and defendant allowed ten days within which to file an answer. On the twenty-eighth day of April, 1926, Messrs. Abbott and Cannon, attorneys for the defendant, filed an answer, specifically denying the allegations of the complaint, except that it admitted that of the sum of $1,050 which the complaint alleged was the original sum earned by plaintiff under the contract

---

4.   See 2 Cal. Jur. 897.

of employment, during the period of time stated in the complaint, the defendant paid the plaintiff the sum of $425. On the tenth day of May, 1926, the court set the case for trial for the fifteenth day of June, 1926, at 10 o'clock A. M., and on May 11, 1926, counsel for the defendant were served with a notice notifying them that the trial would be proceeded with at that time. The action was tried on said fifteenth day of June, the defendant not being represented by its attorneys of record, or any attorney, at the trial and, as above indicated, plaintiff was awarded judgment for the sum sued for.

Upon affidavits filed by the defendant and the "files, papers, proceedings and record in the action" and a counter-affidavit filed by the plaintiff, the motion for a new trial and the motion to set aside the judgment were heard, with the result as above stated.

The affidavit of K. W. Cannon, of the law firm of Abbott & Cannon, practicing the profession of law in the city of San Francisco, after reciting in chronological order the various steps taken in the action down to the date of the trial thereof, avers as follows: "That until Friday, the 11th day of June, 1926, affiant believed he would be able to leave his office in the City and County of San Francisco on the 14th day of June, 1926, proceed to Merced and there try said cause; that on said 10th day of June, 1926, an order to show cause returnable Friday, June 18th, 1926, in Department No. 2 of the Superior Court of the State of California was served on affiant in an action in which affiant was named as a party defendant; that the nature of said action was such as required the actual presence of affiant in the City and County of San Francisco during the entire week commencing June 14, 1926, and ending June 18, 1926; that affiant on Friday, June 11, 1926, advised Maurice Selig, the president of said defendant corporation, to engage other counsel to try said cause, inasmuch as neither he nor Wm. M. Abbott could leave the City and County of San Francisco during said week; that said Maurice Selig, said affiant, said Los Banos Cotton Gins, Inc., and said Maurice Selig, as president of said corporation and each of them, were taken by surprise by this unexpected situation and endeavored to retain other counsel to try said cause, but the time was so short, a Saturday and Sunday intervening, that it was not until Monday, June 15, 1926, that R.

Sischo, an attorney in Merced, was retained; that affiant on said 15th day of June, 1926, prepared and forwarded to said R. Sischo a written substitution of attorneys in said causes; that it was impossible for affiant to have left the City and County of San Francisco, during said week, the impossibility arising after said cause had been set for trial and arising so shortly before said trial as to take said defendant by surprise and excuse its neglect in not appearing and defending said cause on the merits, if any neglect there was; that affiant has been advised of and knows all of the facts of said cause and verily believes that said defendant has and had a good and meritorious defense to the above entitled cause of action on the merits."

Maurice Selig, president of defendant corporation, deposed, in his affidavit, as follows: "That K. W. Cannon and Wm. M. Abbott at all of the times herein mentioned prior to the 11th day of June, 1926, were the attorneys for said defendant in said action; that Wm. M. Abbott is the general counsel for Market Street Railway Company and, as such, is required to remain in the City and County of San Francisco at all times, attending to the affairs of said client; that at all of the times herein mentioned prior to the 11th day of June, 1926, said K. W. Cannon has had entire charge of the legal matters of said defendant; that on the 11th day of June, 1926, K. W. Cannon informed affiant that there was pending in the City and County of San Francisco an action in which he was named as a party defendant and that he was required to be and attend on a hearing on an order to show cause in said matter in department No. 2 of the Superior Court of the City and County of San Francisco at the hour of ten o'clock A. M. of Friday, the 18th day of June, 1926, and that the nature of the proceeding was such as to require his presence in the City and County of San Francisco during all of the week commencing with the 14th day of June, 1926; that the action of *Startzman* v. *Los Banos Cotton Gins, Inc.*, was set for trial on the 15th day of June, 1926, and the case *Erreca* v. *Los Banos Cotton Gins, Inc.*, was set for trial on the 17th day of June, 1926, both causes being set for trial during the said week said attorney was so required to remain in the City and County of San Francisco; that on said affiant being so advised that said attorney would not be able to try said causes, or

either of them, and being advised by said attorney to employ other counsel, affiant endeavored to obtain other counsel to try said causes and each of them, or to get continuances in said actions, but was not able to employ other counsel until the 14th day of June, 1926, when affiant succeeded in retaining R. Sischo, of Merced, to defend said causes; that on said 14th day of June, 1926, affiant caused said R. Sischo to be substituted as attorney in the above entitled action and mailed said substitutions to said R. Sischo on said 14th day of June, 1926, but affiant is informed and believes and therefore alleges that said attorney did not receive said substitutions in time to appear on behalf of said defendant and defend said actions; affiant deposes and says that because of said situation said corporation was deprived of an opportunity to subpoena witnesses and try the above entitled cause on its merits; that affiant has heretofore stated all of the facts of said cause to said attorney K. W. Cannon and was informed by said attorney and verily believes that said corporation had and has a good meritorious defense to the above entitled action on the merits; that by and because of the situation above described said defendant and said affiant were taken by surprise and their neglect to defend the above-entitled action was and is excusable.''

The affidavit of R. R. Sischo, an attorney of the city of Merced, is as follows: ''That on the 14th day of June, 1926, at about the hour of five o'clock P. M. of said day, affiant received a telephone communication from one Maurice Selig, president of the above named defendant corporation, and that said Selig asked affiant to represent the Los Banos Cotton Gins, Inc., at the trial of the above action set for the 15th day of June, 1926, and that said Selig informed affiant that he would have prepared substitution of attorneys, and forward the same by mail on said 14th day of June; that affiant did not receive such substitution until the afternoon of the 15th day of June, or until after the trial of said action, and affiant appeared in the above entitled court and moved the court for a continuance, on the grounds that the defendant was not prepared for trial and that proper substitution of attorneys had not arrived in order that affiant could take part in said trial; that affiant's motion was overruled; that when said substitution of attor-

neys was received by affiant on said 15th day of June, the same was signed by Maurice Selig, the president of the above-named defendant corporation, but the consent of the attorneys Abbott and Cannon was not signed thereto; that affiant returned said substitution to K. W. Cannon, one of the attorneys for defendant corporation above named, requesting him to sign the same and return at once; that affiant did not receive the same back until the 27th day of June, 1926; that as a result of such failure to receive said substitution, there was no attorney in court to represent the above-named defendant corporation on said 15th day of June, 1926.''

The affidavit of the attorney for the plaintiff, Andrew R. Schottky, countered as follows:

''That he is, and at all times herein mentioned, was the attorney for plaintiff in the above-entitled action; that said action was filed on January 16, 1926, and summons was served upon defendant on January 22, 1926; that on the —— day of March, 1926, defendant filed a demurrer to said complaint, which said demurrer was overruled by the Court on March 15, 1926. That thereafter the attorneys for defendant requested, and were granted by affiant, additional time in which to file defendant's answer, and the answer of defendant was filed herein on April 28, 1926; that thereafter, on May 10, 1926, upon due notice to the attorneys for defendant, the said cause was set for trial on June 15, 1926, at 10 o'clock A. M., and notice of trial was served upon the attorneys for defendant on the 11th day of May, 1926; that after said case was set for trial K. W. Cannon, Esq., as attorney for defendant, made overtures of settlement of said case of plaintiff, but at no time made any request for a continuance of the trial of said cause; that affiant was in the office of K. W. Cannon at San Francisco on the 7th day of June, 1926, and discussed said case with said Cannon, and affiant then stated to said Cannon that the above-entitled case would go to trial on June 15, 1926, unless it was settled before that time; that said K. W. Cannon did not make any request of affiant for a continuance of the date of trial, but said Cannon did state to affiant that he had urged Maurice Selig, president of the said defendant corporation, to settle said claim of plaintiff and not litigate the matter further;

"That affiant proceeded to the preparation of said case for trial and plaintiff came from Oakland to Merced to testify at said trial and other witnesses came from Los Banos and Fresno to testify in support of plaintiff's cause of action; that on the morning of June 15, 1926, at the hour of 10 o'clock A. M. affiant, together with plaintiff and witnesses went to the courtroom of the Superior Court for the trial of said case; that upon said case being called by Hon. E. N. Rector, Judge of said Superior Court, affiant answered 'ready' on behalf of plaintiff and R. R. Sischo, Esq., then made a motion for a continuance of said trial; that said R. R. Sischo stated to the Court that Mr. Selig, president of said defendant corporation, had called him on the telephone the previous day, and had asked him to appear for defendant; that said Sischo further stated that Selig had informed him that he had been substituted as attorney for defendant, and that said substitution would be mailed to him, but that he (Sischo) had not yet received it; that said motion for continuance of said trial was argued and submitted and was denied by the Court; that thereupon plaintiff introduced evidence in support of his said complaint, and no evidence was introduced by defendant; that said Court thereupon rendered judgment in favor of plaintiff. That said R. R. Sischo was present during all of said trial, but did not offer any evidence, or request time to present evidence after plaintiff's testimony had been concluded; that said R. R. Sischo stated to affiant that he could see no reason for offering any evidence as he was satisfied that defendant had no defense to said action.

"That because of the fact that said K. W. Cannon, as attorney for defendant, had on numerous occasions, requested extensions of time to file defendant's answer, but had never made any request for a continuance of said trial, affiant believes that said attorney for defendant had no intention of contesting said action at the trial, and that the motions herein are not made in good faith, but are merely for the purpose of delaying execution of said judgment. That the action herein is a simple action to recover salary due to plaintiff for services rendered to defendant, and if said defendant had any defense to said action said Selig could easily have retained an attorney either in San Francisco or in Merced in ample time to prepare defendant's defense between June 11, 1926,

and June 15, 1926; that W. M. Abbott and K. W. Cannon, who are now, and at all times since the commencement of said action, have been the attorneys of record for said defendant, and general counsel for the United Railroads of San Francisco, have in their office and under their direction, six or more attorneys-at-law, any one of which could have properly prepared any defense that said defendant might have in said action, between June 11, 1926, and June 15, 1926.''

[1]   The order denying the defendant's motion for a new trial is not appealable (Code Civ. Proc., sec. 963), hence the appeal from said order must be dismissed.

In presenting the motion to set aside the judgment, as the affidavits filed by the defendant clearly show, the latter proceeded under section 473 of the Code of Civil Procedure. Said section, among other things, provides that the court "may . . . relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect,'' etc. The affidavits of Cannon and Selig state that their failure to appear at the trial and defend against the claims of the complaint was due to surprise and excusable neglect, and the statements in their respective affidavits were directly addressed to the support of that conclusion.

[2]   It is the settled rule that whether a motion to vacate a judgment on the ground of surprise, inadvertence, or excusable neglect shall or shall not be granted is a matter which rests in the sound discretion of the trial court, and that the order either granting or denying the motion will not be disturbed upon appeal unless it clearly appears from the record that, in making its order on such motion, the trial court has been guilty of an abuse of discretion. (*Moore* v. *Thompson,* 138 Cal. 23, 26 [70 Pac. 930]; see, also, *Seymour* v. *Wood,* 63 Cal. 81; *Buell* v. *Emerich,* 85 Cal. 116 [24 Pac. 644]; *Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63]; *Winchester* v. *Black,* 134 Cal. 125 [66 Pac. 197].) It is true that some of the cases say that reviewing courts will "listen more readily to an appeal from an order refusing to set aside a default than where the motion has been granted (*Moore* v. *Thompson, supra*). All presumptions, however,'' proceeded the court in the case just named,

"will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that its discretion was abused in making the order."

[3] We cannot say, upon the record as made upon the motion, that the court below in this action abused its discretion in refusing to grant the continuance. The affidavits filed by the defendant and upon which it rested its motion to vacate the judgment do not, in our opinion, make such a showing as would appeal with such force as to call for favorable response by a trial court in a proceeding such as is presented here. The affidavits are in substance set forth hereinabove and it seems to us that they plainly speak for themselves and thus betray their own weakness as in support of the motion to vacate the judgment. But, if it were necessary to concede that, taken alone, or in the absence of a counter-showing, it might, with some degree of reasonableness, be held that said affidavits, when considered in the light of the well-known policy of the courts of appeal to discourage a denial of a trial of an action on its merits, or a trial in which a party to the action, through no fault of his, is without the aid of an attorney in the presentation of his case or defense, presented a situation appealing for favorable action by the trial court in the exercise of its discretion in such instances, still the strong counter-showing by the plaintiff compels the conclusion that the decision of the issue presented was one peculiarly within and subject to such discretion. Indeed, accepting as verity certain statements contained in the affidavit of the attorney for the plaintiff, as we are to assume that the trial court did so accept them, it would seem that it would have been an abuse of discretion had the trial court granted the motion presented by the defendant. It is not necessary to recapitulate by way of analysis the allegations of said affidavit. The salient facts therein set forth, which are not here controverted by the defendant or its counsel, tend strongly to support the contention of the plaintiff that the continuance was asked, not because defendant or its counsel believed that the claim sued upon could or should be defeated, but because a postponement of the trial beyond the date on which it had been set was solely desired either for the purpose of affording the defendant further time within

which it might the more conveniently pay the debt or like opportunity for securing a composition for the payment of a lower sum as in full satisfaction thereof than that sued for. But an inquiry to ascertain the specific considerations which, upon the record, influenced the court's action in denying the motion is of no material importance in the decision here. It is sufficient to say that the whole showing made on the motions is, at least, such as to force upon us the conclusion that the decision by the trial court on the motions involved the exercise of a judicial discretion with which a court of appeal is not legally at liberty to interfere.

[4] The cases cited and relied upon by the defendant are: *Grady* v. *Donahoo,* 108 Cal. 212 [41 Pac. 41]; *Gustie* v. *Prudom,* 95 Cal. 646 [30 Pac. 798]; *Watson* v. *San Francisco & H. B. R. R. Co.,* 41 Cal. 17; *Bond* v. *Karma-Ajax Con. Min. Co.,* 15 Cal. App. 469 [115 Pac. 254]. We will not review those cases herein. A reading of the opinions therein will readily disclose that the conclusions therein reached in no way militate against the conclusion arrived at herein. The general principles which control in the decision of an appeal of the character of the one now before us are in those cases soundly applied upon the facts as they appear in each case. Where relief is sought under section 473 of the Code of Civil Procedure, each case must be judged by and be required to rest upon its own peculiar facts.

The order denying the motion to set aside the judgment entered in the action is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Finch, P. J., and Plummer, J., concurred.