[Civ. No. 13404.   Second Dist., Div. Two.   Mar. 17, 1942.]

GRACE L. WEINBERGER, Appellant, v. KATHLEEN MANNING, Respondent.

E. R. Simon for Appellant.

Willedd Andrews for Respondent.

MOORE, P. J.—The question for determination in this case is whether it is an abuse of discretion on the part of a trial judge to set aside a default judgment and recall an execution after the lapse of 82 days from service of the summons and complaint when no excusable neglect on the part of defendant is shown.

In order fairly to appraise the conduct of defendant, we first present a succinct resume of the undisputed occurrences commencing with the filing of the action by plaintiff.

April 22, 1941: action for damages for eviction and for conversion filed.

May 1: summons and complaint served. Defendant is advised by attorney Seay, an office associate of Mr. Simon, attorney for plaintiff, that a written answer in form prescribed by court rules must be filed; that it should be prepared by her attorney; that she must pay a filing fee of $2. She then stated to attorney Seay "the whole thing is a joke to me and I don't intend to get a lawyer. . . . I don't intend to do anything about the matter."

May 9: defendant wired the superior court "received summons #463430 . . . she was not evicted or dispossessed . . . notify me when and where to appear." On the same day she

wired plaintiff's counsel that plaintiff had "jumped $517 rent by moving last August 20 . . . was neither evicted or dispossessed . . ."

May 10: the county clerk wrote defendant "complaint filed April 22, 1941 . . . no further proceeding appears of record. . . . If you wish to contest this action, we suggest that you consult an attorney."

May 13: order for default filed by plaintiff's counsel.

May 31: defendant exhibited complaint to a lay friend who advised her to consult counsel; he made an appointment with attorney Maddox for her.

June 2: Maddox advised defendant that no sufficient answer was on file; that she should immediately engage counsel to protect her rights; that her telegram to the county clerk was not a sufficient answer; that she was not protected; that nothing would prevent plaintiff from obtaining judgment against her; that her answer must be in writing in form prescribed by court rules and verified; that she should file a proper answer; that she might file the answer herself if she knew how to prepare same. Only her default had then been entered. She thanked him and left.

June 5: default judgment for plaintiff was signed and filed. This was 23 days after entry of default.

June 6: judgment entered.

June 17: plaintiff's judgment against defendant garnished under execution issued out of municipal court, case No. 577778.

June 20: defendant first consults her attorney, Carey, who advises her of the entry of the judgment. This was 50 days after service of summons on her.

June 28: plaintiff's judgment levied upon under judgment of the municipal court in action No. 587322.

July 1: attorney Carey writes Mr. Simon, plaintiff's attorney of his intention to move to vacate the default judgment and requests him to defer proceedings until disposition of the motion.

July 8: abstract of judgment issued and recorded; execution issued and delivered to the sheriff.

July 9: execution served on head office of the Security First National Bank.

July 16: execution served on same bank, 7th and Grand and Hollywood and Cahuenga branches.

July 18: execution served on Douglas Aircraft.

July 18: Carey requests attorney Simon to stipulate that all property held by garnishees be held *in statu quo* until disposition of his motion to open the case.

July 18: sheriff demands payment to him of moneys garnished in the Hollywood Cahuenga branch of the bank, payment refused.

July 18: order staying execution signed.

July 19: order served on sheriff.

July 21: 7th and Grand branch of garnisheed bank answers garnishment.

July 22: notice of motion to set aside default and to recall execution served on plaintiff's counsel together with supporting affidavits.

August 5, 1941: trial court granted motion and entered order recalling execution, setting aside default and judgment and allowing defendant to answer.

A default judgment may be set aside upon satisfactory showing of the judgment debtor that his default was due to mistake, inadvertence, surprise or excusable neglect. "The motion for such relief must be made within a reasonable time . . . in no case exceeding six months after such judgment and order or proceeding was taken." C. C. P. sec. 473.

▮ The first question for determination under the cited section is whether or not there was a mistake, inadvertence, surprise or excusable neglect on the part of defendant. If there was not then she is not entitled to relief, notwithstanding any showing of merits "in support of her motion." *Bond* v. *Karma-Ajax Con. Min. Co.*, 15 Cal. App. 469, 472 [115 Pac. 254]. The burden of proof in such a matter is upon defendant and she was required to establish her claim of excusable neglect by a preponderance of the evidence. *Bruskey* v. *Bruskey*, 4 Cal. App. (2d) 472 [41 Pac. (2d) 203]. While courts are generous in relieving litigants of their defaults resulting from inadvertence or excusable neglect yet they are not required to act as guardians for persons who are grossly careless as to their own affairs. *Gillingham* v. *Lawrence*, 11 Cal. App. 231, 233 [104 Pac. 584]. All persons in possession of their normal faculties, capable of engaging in business transactions, must conform with, and be guided by, the rules and regulations of legal procedure. *Ibid*. While the decision upon a motion to open a default is primarily within the discretion of the trial court, at the same time such discretion may not be exercised arbitrarily; it must be an "impartial discretion

guided and controlled in its exercise by fixed legal principles.'' *Brill* v. *Fox,* 211 Cal. 739 [297 Pac. 25].

The excuses and explanations given by defendant for her failure to file her answer are not adequate. They do not present a showing of that species of inadvertence or neglect which ordinarily characterizes the behavior of a suppliant for relief from a default judgment. Her indifference to the reply received to her telegraphic communication to the superior court eight days after service of summons is a demonstration of her desire to let time and tide dissolve her troubles. Her indisposition to move was again disclosed by her disregard of the advice of attorney Seay courteously given before the time for pleading had expired. Her reluctance was magnified by her indifference to the advice of her loyal lay friend who thirty days after service admonished her to retain counsel to protect her rights. Her neglect turned into contempt of judicial process by her inaction throughout the month of June after attorney Maddox had forcefully remonstrated with her to place her cause in the hands of legal counsel. Not one act of defendant in relation to her law suit should warrant a court in yielding to her persuasions. *Redding etc. Mining Co.* v. *National Security Co.,* 18 Cal. App. 488 [123 Pac. 544]; *Du Brow* v. *Chesley,* 24 Cal. App. 416 [141 Pac. 631]. She hearkened neither to the suggestion of a cautious friend, the admonition of the county clerk nor to the sound advice of responsible attorneys. Not until she was electrified by the service of a writ of garnishment issued out of a different court did she finally move to open the default on the second day of June when she consulted attorney Maddox. This was three days before the court took evidence and rendered judgment. Within that period she could have prepared and presented her answer to the court before the rendition of judgment with a request for relief under section 473. The record shows that she is a woman of considerable wealth and that for some time she had retained counsel for legal advice concerning her properties. In view of the repeated admonitions to employ counsel to file her answer, her behavior is more reprehensible than that of one who is guilty of gross negligence only. (See *Garroway* v. *Jennings,* 189 Cal. 97, 99 [207 Pac. 554].) The diligence required of a reasonably prudent person would not only have taken defendant to the office of her counsel instructing him to institute proceedings to set aside the default but it would have led her to file her answer within the time pre-

scribed by law, notice of which appeared on the face of the summons served on her. After she had maintained an attitude of contemptuous disregard for legal process, to grant her request to set aside the order of her default would be to encourage trifling with the courts.

Our conclusion is fortified by a review of a number of persuasive authorities. In the case of *Fink & Schindler Co.* v. *Gavros,* 72 Cal. App. 688, 692 [237 Pac. 1083], the negligence of Gavros was far less reprehensible than the conduct of defendant Manning. He was apparently of foreign origin and might readily have believed that the employment of counsel by his codefendant would prevent judgment against himself. However, the order vacating the default of Gavros was reversed.

In the case of *W. J. Wallace & Co.* v. *Growers Sec. Bank,* 13 Cal. App. (2d) 743 [57 Pac. (2d) 998], the negligence of the defendant did not in the slightest degree exceed in culpability that of Mrs. Manning but the refusal to vacate the default was affirmed. The conduct of the officials of the bank in the Wallace case could be characterized by nothing more than inexcusable negligence.

Numerous orders denying relief under section 473, C. C. P., for failure to appear within the time designated by the summons have been affirmed because of a lack of sufficient excuse. *Gillingham* v. *Lawrence,* 11 Cal. App. 231, 233 [104 Pac. 584]; *Coleman* v. *Rankin,* 37 Cal. 247. We see nothing in respondent's conduct to warrant her relief.

Order reversed.

Wood (W. J.), J., and McComb, J., concurred.