[S. F. No. 195.   Department One.—November 29, 1895.]

# A. L. WULFF, PETITIONER, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

PARTNERSHIP—ACTION FOR DISSOLUTION — SALE OF ASSETS BY RECEIVER BEFORE DECREE—JURISDICTION.—In an action for an accounting and dissolution of a partnership, where the assets of the business have been placed in the hands of a receiver, and it appears to the court that they are not equal to the liabilities of the firm, and that the business has been carried on by the receiver at a loss, and that the loss will be further increased if the business is continued, and that it is for the best interest of the partnership that the business be sold as a whole, the court has jurisdiction to order a sale of the business, as being in its nature perishable property, prior to a decree of dissolution of the partnership.

ID.—NECESSITY OF SALE—PRESERVATION OF ASSETS—POWER OF COURT.— The court has the power to sell partnership assets by reason of an actual present necessity of sale, in order that the assets may be preserved to the final interest of the parties interested therein.

WRIT of review in the Supreme Court to review the action of the Superior Court of San Joaquin County in ordering the sale of partnership property in the hands of a receiver.   J. K. LAW, Judge.

The facts are stated in the opinion of the court.

*Paul C. Morf*, for Petitioner.

There must first be a dissolution of the copartnership by consent of the partners or by a decree of the court, before a sale of the partnership business can be ordered. (1 Story's Equity Jurisprudence, 677–80; 3 Wait's Actions and Defenses, 155, 177; Collyer on Partnerships, pars. 307, 311, 313; *Washburn* v. *Goodman*, 17 Pick. 530.)

*John E. Budd*, and *F. H. Gould*, for Respondent.

The court had a right to order the sale to be made to prevent increased loss and expense. (*McLane* v. *Placerville etc. R. R. Co.*, 66 Cal. 606; *Pacific Ry. Co.* v. *Wade*, 91 Cal. 449; 25 Am. St. Rep. 201; *Brush* v. *Jay*, 113 N. Y. 482; *Brande* v. *Bond*, 63 Wis. 142; *Crane* v. *Ford*, Hopk. Ch. 130; *Williams* v. *Wilson*, 4 Sand. Ch.

379; *Marten* v. *Van Schaick*, 4 Paige, 479; *Allen* v. *Hawley*, 6 Fla. 142; 63 Am. Dec. 211; 20 Am. & Eng. Ency. of Law, 145.)

GAROUTTE, J.—This is a writ of review, to review the action of the superior court of San Joaquin county, in ordering a sale of certain partnership property now in the hands of a receiver, consisting of the stock and goodwill in a certain paint, oil, and wall-paper business in the city of Stockton.

The action of *Parsons* v. *Wulff*, was for a dissolution of a partnership and an accounting. Wulff filed his answer, denying the allegations of the complaint, and the cause had not come to trial at the time the order for a sale of the partnership business was made. It is contended upon the part of petitioner that until a dissolution of the partnership had been decreed by the court, it had no power to order a sale of the partnership business, and such is the question presented for our consideration. The record of the lower court is before us, including certain supplemental findings of fact made by it, and by that record, taken as a whole, this jurisdictional question must be determined. (*Blair* v. *Hamilton*, 32 Cal. 52.) The record discloses the petition for sale to have been filed by the receiver, and the petition states that the partnership is largely insolvent; that it is for the best interests of the creditors and the partnership that the business be sold, and that it be sold as a whole; that the business, since it came into the hands of the receiver, has been carried on at a loss, and that the loss will be still further increased if the business is continued; that the business has been conducted in a proper and skillful manner by the receiver, an experienced man; and that by a continuance of the business the assets will be dissipated and lost to the partners and creditors.

Taking into consideration the fact that the assets were not equal to the liabilities, that the first claim upon

the assets rested with the creditors, and that their right to present their claims at any subsequent stage of the litigation was still existent, we think their interests were proper subject matter for the cognizance of the court in dealing with these assets, notwithstanding they were in no way parties to the record. And, taking all the facts into consideration, we see no excess of power exercised by the trial court in ordering the sale. It must be conceded that the court, by its receiver, had the power to sell perishable property, and, upon the showing here made, this business was clearly property of that character. The assets consisted of articles of trade and the goodwill of the business. The tangible assets were becoming dissipated and lost in spite of care and skill in the management of them, and without these assets the goodwill would seem to be entirely valueless. These two classes of property were indissolubly connected, and, if the court had the power to sell either, it had the power to sell both. Likewise, the book accounts: if any part of these assets could be sold, and it was for the best interests of the copartnership and the creditors that these accounts should go with the business, the court had the power to so adjudge.

A litigious partner, by means incident to litigation, might be able to delay the entry of a decree of dissolution for years, and thereby encompass the utter destruction of the entire partnership assets; and it would-seem, in the interest of parties having claims upon these assets, that a court of equity was vested with the right to give relief by converting them into money. But few cases in point have been cited upon either side. In *Crane* v. *Ford*, 1 Hopk. Ch. 130, the power of the court to sell partnership property *pendente lite* is fully recognized; and in *Marten* v. *Van Schaick*, 4 Paige, 479, the court said, in speaking of a newspaper partnership: "If a receiver is appointed, he must proceed and sell the establishment without delay, and, in the mean time, the business must be carried on by him as usual, so that the goodwill thereof may be secured to the purchaser,

and the full value of the establishment realized by the partners on such sale. But the court will not take upon itself the responsibility of continuing the publication of a political paper by a receiver any longer than is absolutely necessary to prevent a sacrifice of the property." And again, in *Williams* v. *Wilson*, 4 Sand. Ch. 380, the court said: " Then, as to the course to be pursued by the receiver, when vested with the goodwill of the concern, it is impossible for him to conduct an insane hospital or a lazaretto for foreign immigrants. The only practical course is for him to sell immediately the lease of the premises where the business was conducted, with the goodwill of the business, and the movables which belong to the institution. And, in order to give efficacy to the sale of the goodwill, either of the parties may become the purchaser." An analogous principle is recognized in *McLane* v. *Placerville etc. R. R. Co.*, 66 Cal. 629, 630.

In the cases cited the court held itself possessed of the power to sell, by reason of an actual present necessity of sale, in order that the assets might be preserved to the final good fortune of the parties interested therein. There was no more reason for a sale in those cases than in this case. The assets of the present partnership are rapidly depreciating in spite of the exercise of care and skill in their management, and it would appear to be a mere matter of time when they would become wholly lost.

We conclude that the facts in the present case are such that a power of sale in the court *pendente lite* existed.

For the foregoing reasons the orders complained of, made by the trial court, were within its jurisdiction, and they are hereby affirmed.

HARRISON, J., and VAN FLEET, J., concurred.