[S. F. No. 3093.   Department Two.—November 17, 1904.]

GEORGE C. ALFERITZ et al., Respondents, v. A. CAHEN
and H. CAHEN, as Copartners, Defendants; H.
CAHEN, Appellant.

JUDGMENT — DENIAL OF MOTION TO VACATE — DISCRETION —. APPEAL.—
Upon appeal from an order denying a motion to vacate a judgment
for mistake, under section 473 of the Code of Civil Procedure,
the sole question is whether the discretion of the trial court was
abused, and if no such abuse plainly appears, the order will be
affirmed.

ID.—JUDGMENT BY DEFAULT—COPARTNERS JOINTLY SUED—MISTAKE OF
ATTORNEY.—*Held*, that under the facts of the case it cannot be said
that there was an abuse of discretion in denying a motion by one
of two defendants sued jointly as copartners to set aside a judg-
ment by default for mistake of their attorney in not remembering
that both defendants were sued, and in making default under the
instructions of one of them, who had no ability to pay the judgment,
nor to defend the action.

ID.—ATTORNEY AND CLIENT—QUESTION OF NEGLIGENCE AND MISTAKE OF
ATTORNEY—CLIENT BOUND, NOTWITHSTANDING HARDSHIP.—Where
questions of negligence and mistake of an attorney arise, there must
always come a time when, notwithstanding the hardship to the
client, he must be bound by the errors or omissions of his attorney.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing to set aside a judg-
ment by default.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

M. S. Eisner, and Reinstein & Eisner, for Appellant.

Lyman I. Mowry, for Respondents.

HENSHAW, J.—This is an appeal by H. Cahen, one of
the defendants, from an order denying his motion to vacate
a judgment against himself.   The motion was made under
section 473 of the Code of Civil Procedure, and reliance was
had principally upon the ground of the mistake of his at-
torney.

The action was commenced in 1894 against the defendants,
as copartners, under the firm name of A. Cahen & Son, for

the conversion of seventeen bales of wool. The defendants answered by general denial. The case slumbered for some six years, during which time plaintiff had died, and his personal representatives had been substituted. Defendants' attorney, not having had occasion during this time to refresh his memory as to the facts, had forgotten that the action was against A. Cahen and H. Cahen, and assumed that it was against A. Cahen alone. His mistaken belief in this regard was promoted, if not prompted, by the fact, as appears from his affidavit, that the partnership had been dissolved before the date of the alleged conversion, and that as a consequence, if there had been a conversion of plaintiff's goods, the defendant H. Cahen was not responsible therefor. The attorney for the plaintiffs came to the attorney for the defendants, stating that the estate of Alferitz was ready for settlement, and said that the pending litigation should either be compromised, or that the case should be tried. Defendants' attorney, still in the mistaken belief that the sole defendant was A. Cahen, said that he would communicate with his client touching the compromise. He did so communicate with A. Cahen, who expressed his inability to pay anything, and instructed his attorney not to defend the litigation. Plaintiffs' attorney, being notified that a compromise was impossible, proceeded to have the cause set for trial, and served proper notices upon defendants' attorney. These notices disclosed the fact that the action was against the two Cahens, but they were actually received by the managing clerk of defendants' attorney, and were not seen by defendants' attorney himself. Defendants' attorney, being instructed by A. Cahen not to defend the action, and still entertaining the mistaken belief that A. Cahen was the only defendant, failed to appear at the time of the trial. At that time plaintiff made his proofs and recovered judgment against both of the defendants. H. Cahen was doing business under the name of the California Fruit Evaporating Company. Execution was issued and levied upon his property in that company, whereupon his attorney, with due diligence, moved for a vacation of the judgment against H. Cahen, which motion was denied.

The sole question presented to this court upon an appeal such as this is whether or not there has been an abuse of the discretion vested in the trial court, either in granting or in

refusing the motion. Where such abuse has been plainly shown this court has lent its aid in correction of it, but in all other cases relief has been denied. The whole consideration has been well summed up by Mr. Justice Harrison in *Ingrim* v. *Epperson,* 137 Cal. 370, where it is said: ''The rule has been so often·declared as not to need the citation of authorities, that the action of the superior court, upon an application to set aside a default or grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal, unless it shall be made clearly to appear that there was an abuse of this discretion. While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. This observation has been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.''

While it may be conceded that if the trial court in this case had reached the opposite determination, and had vacated its judgment, to the end that H. Cahen might be permitted to defend the litigation upon its merits, this court would not have disturbed the conclusion, upon the other hand that is very far from a declaration that the decision which the court actually reached was unwarranted, and therefore an abuse of its discretion; for, while conceding that the attorney for defendant was laboring under a mistake, there was still to be considered whether or not the mistake was one entertained under such circumstances as to entitle the party to relief. Herein are to be considered the circumstances that the answer of H. Cahen nowhere discloses a special defense, but rests merely upon general denial. Further, that plaintiffs' attorney, in his conversations with defendants' attorney, always spoke of the defendants in the plural, and that there was nothing in the language of defendants' attorney to lead plaintiffs' attorney to believe that defendants' attorney was laboring under any mistake. Still further, that the notices served upon defendants' attorney showed plainly and properly who the defendants were, and even if those notices did not come under the eye of defendants' attorney, they were

received by the managing clerk of defendants' attorney. Where such questions of negligence and mistake arise, there must always come a time when, notwithstanding the hardship to the client, he must be bound by the errors and omissions of his attorney. It may not be said that it was an abuse of the discretion of the trial court to hold in this instance that he was so bound.

The order appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.