[Civ. No. 7970. First Appellate District, Division Two.—December 1, 1931.]

UNITED STATES, on Relation of JAS. F. HOEY, etc., Respondent, v. JOSEPH F. DUESDIEKER et al., Appellants.

George Gelder for Appellants.

Jas. F. Hoey, District Attorney, for Respondent.

SPENCE, J.—This is an appeal by defendants Joseph F. Duesdieker and Alice Duesdieker from an order denying their motion to set aside their default and the default judgment entered against them.

The complaint was filed on February 6, 1931, seeking to enjoin these defendants and others from using certain premises in violation of the National Prohibition Act (27 U. S. C. A.) and to obtain an order closing the building on the premises known as ''The Chateau'' for the period of one year. Summons was personally served on these defendants on February 12th and a return was filed. The default of defendants was entered on March 5th. After a hearing on March 19th, judgment was entered on March 24th. On April 13th defendants filed their notice of motion to set aside the default and default judgment on the grounds that these were entered through the mistake, inadvertence, surprise and excusable neglect of said defendants and their former counsel and that the judgment was void in that it did not conform to the complaint. The motion was accompanied by a verified answer and was supported by the affidavit of defendant Joseph F. Duesdieker. The material allegations of the affidavit for the purposes of this appeal showed that defendants engaged their former counsel to represent them in the action and that they were assured by their former counsel that he would fully care for and protect their legal rights; that defendants learned for the first time on or about March 20th that a default had been taken against them and they thereupon demanded the return of the summons and complaint from their former counsel. No affidavit of their former counsel was filed and no showing was made as to his reason for not appearing for the defendants. There-

after the district attorney filed a counter-affidavit showing that no written or oral stipulation extending time had ever been granted; that said district attorney at no time communicated with defendants' former or present counsel except that he addressed a letter to their present counsel on February 10th advising him that he intended to proceed with the action and that on another occasion he also advised their present counsel that unless defendants answered he would take a default judgment against them. The counter-affidavit contained further allegations relating to the inability of the district attorney to again secure the attendance of witnesses for trial in the event that the motion was granted.

Upon the showing made appellants contend that the trial court erred in denying their motion but in our opinion this contention cannot be sustained. It is well settled that an application for relief under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court and its ruling either granting or denying the motion will not be disturbed unless an abuse of discretion clearly appears. (14 Cal. Jur. 1072, sec. 115; *Startzman* v. *Los Banos Cotton Gins,* 82 Cal. App. 624 [256 Pac. 220].) We find no abuse of discretion in the present case. Appellants urge that the counter-affidavit was not filed in time and should not be considered. Without regard to the contents of the counter-affidavit, the most that can be said of appellants' affidavit is that it showed that they had engaged an attorney to represent them and did not know that their default or that the default judgment had been entered until subsequently informed of that fact. Appellants' default may have been entered with the knowledge and consent of their former attorney or through his inexcusable neglect but appellants made no showing whatever as to the reason said attorney had not appeared for them. A reading of appellants' brief convinces us that it is appellants' theory that their default was entered without fault on their part but through neglect on the part of their former attorney. If appellants' failure to appear was the result of such neglect on the part of their former attorney, they are chargeable therewith (14 Cal. Jur. 1042; *Alferitz* v. *Cahen,* 145 Cal. 397 [78 Pac. 878]; *Smith* v. *Tunstead,* 56 Cal. 175), and they may not claim that the

trial court abused its discretion in refusing to set aside their default without showing that such neglect was excusable.

Appellants further contend that the judgment is void on its face. The complaint described the premises by metes and bounds "together with the buildings situated thereon commonly known as 'The Chateau' ". The judgment contains an identical description by metes and bounds but one portion of the judgment refers to "the building situated on the premises hereinafter described and commonly known as 'The Chateau' in the City of Richmond, County of Contra Costa, State of California". The words "in the City of Richmond" appearing in the judgment do not appear in the complaint and appellants state the fact to be that the property described by metes and bounds is outside of the city of Richmond. Appellants then argue that "The Chateau" included in the judgment is therefore not the same building referred to in the complaint and that it follows that the judgment exceeds the relief demanded in the complaint. Assuming that the premises described in the complaint are outside of the city of Richmond, it does not follow that the judgment is void. It is perfectly clear that both the complaint and the judgment refer to a building known as "The Chateau" on the premises definitely described by metes and bounds. If as stated by appellants, said premises are outside of the city of Richmond then the words "in the City of Richmond" are mere surplusage not affecting the validity of the judgment.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.