[Civ. No. 4614.   Fourth Dist.   Apr. 2, 1953.]

EMMA COLVIN, Respondent, v. JOHN R. SIBLEY et al., Appellants.

N. Lindsay South for Appellants.

David E. Peckinpah and Harold M. Child for Respondent.

BARNARD, P. J.—The defendants have appealed from an order denying their motion to set aside their default and a default judgment entered against them.

A complaint was filed on January 10, 1952, seeking to quiet title to an acre of land in Fresno County. Summons was personally served in that county on January 15, 1952. On March 19, 1952, at the request of the plaintiff, the defaults of the defendants were entered. A judgment quieting title to the property in the plaintiff was entered on March 24, 1952, the decree reciting that evidence on the part of the plaintiff had been introduced. On April 23, 1952, notice was filed of a motion for an order setting aside the default judgment, and permitting the defendants to file an answer. The affidavit of defendant John R. Sibley and a proposed answer were also filed. This motion was heard on April 30, 1952, and after taking some evidence the court gave the defendants two days in which to submit an affidavit from their former attorney. On June 12, 1952 the court entered the order appealed from, the order reciting that the court had, on April 30, 1952, given the defendants two days in which to file the affidavit of their former attorney showing excusable neglect; that the time had been further extended; and that no affidavit or any further evidence had been brought before the court. This appeal followed.

The affidavit filed in support of the motion alleged that within 10 days after the service of summons the affiant took the summons to an attorney in Fresno; that he called on this attorney a number of times thereafter and was finally advised that it was advisable for him to raise a sum in excess of $5,000 to pay the plaintiff's claim; that this attorney advised affiant that he would arrange for the matter to be continued; that finally, on April 19, 1952, this attorney returned the complaint to the affiant; that affiant then learned for the first time that a default judgment had been entered; and that affiant then took the complaint to another attorney.

The proposed answer alleged that in December, 1945, the defendants bought an acre of land from the plaintiff for $1,250 and gave the plaintiff a note for that amount; that the plaintiff agreed to deliver a proper conveyance of the property; that defendant John R. Sibley performed ''certain services'' for the plaintiff ''for seven and one-half years''; that during said time the defendants also borrowed ''certain sums'' of money from the plaintiff; that during said seven and a half years the defendants paid to the plaintiff sums of money far

in excess of $1,250; that in the fall of 1946, the defendants gave the plaintiff another note for $3,100; that the plaintiff has failed and refused to have an accounting with the defendants, and has failed to deliver a deed to the property; that said land was sold to the defendants on an open book account and has long since been paid for; that the note for $3,100 is barred by the statute of limitations; and that if an accounting is had the defendants are willing to pay any amount found due to the plaintiff.

The affidavit filed fails to show any mistake, inadvertence, surprise or excusable neglect. It fails to state any fact with regard to what was done during a period of about three months other than that the former attorney had advised the affiant to raise the money to pay plaintiff's claim, and had finally returned the complaint to affiant on April 19th.

Nothing is said in the affidavit to show negligence on the part of the former attorney, and if such negligence existed the appellants are chargeable therewith. (*United States* v. *Duesdieker,* 118 Cal.App. 723 [5 P.2d 916].) It also appears that the trial court gave the appellants time in which to produce additional evidence, and that none had been produced when the order was entered six weeks later. The matter of granting relief from such a default rests largely in the discretion of the trial court, and its action will not be disturbed on appeal unless it clearly appears that this discretion was abused. (*Alferitz* v. *Cahen,* 145 Cal. 397 [78 P. 878].) No such showing is here made. The oral evidence received was not included in the record, and it must be presumed that it supports the order made.

It further appears that the proposed answer failed to disclose that a plausible defense to the action existed. It alleged an oral purchase of the land on an open book account, and that the price of the land had been paid. However, it alleged that a note had been given for the purchase price; that a year later another note for $3,100 was given; that unspecified sums had been borrowed from the plaintiff over a period of seven years; and that during the same period the defendants had performed certain services for, and paid certain money to, the plaintiff without specifying any particulars, or alleging any specific facts. The vagueness and indefiniteness of the proposed answer tend to emphasize the deficiencies in the affidavit, and furnish further support for the order made.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.