[Civ. Nos. 6722, 6739.   Fourth Dist.   Jan. 29, 1962.]

JAMES F. ALBERTSON, Plaintiff and Respondent, v. CLARENCE C. WARRINER et al., Defendants and Appellants.

(Two Cases.)

T. T. Crittenden for Defendants and Appellants.

F. James Bear and William Bruner for Plaintiff and Respondent.

COUGHLIN, J.—This is an action arising out of a complaint for the dissolution of a partnership and an accounting; and where a receiver was appointed to take possession of the partnership property as an ancillary remedy. The plaintiff, respondent herein, obtained an interlocutory judgment by default. This judgment directed dissolution of the partnership; ordered appointment of a receiver; and retained jurisdiction of the action to determine the accounting issue. The defendants, acting under the provisions of section 473 of the Code of Civil Procedure, moved to set aside the default judgment. Their motion was denied. However, the order denying this motion also provided for an arbitration proceeding to determine the accounting issues, pursuant to a written agreement between the parties. This agreement provided that the books of the partnership should be submitted to the arbitrators; that "Whatever difference shall be determined upon by said arbitrators, we, the undersigned, hereby obligate and bind ourselves, individually, that whichever shall, by the said arbitrators, be found indebted to the other, be paid on demand, to the other, the sum or sums so found due"; and that "the decision of the arbitrators appointed by this agreement may be enforced by any party hereto by having a judgment made upon said decision" in the action theretofore filed by the plaintiff. Subsequently, the arbitrators filed three different awards, two of which were rejected by the court upon motion of the defendants, and the last of which was corrected and confirmed. In the interim, requests by the defendants to discharge the receiver and contempt proceedings instituted by them against the arbitrators were heard and determined by the court adversely to their contentions.

The matter comes before this court upon the filing by the defendants of two notices of appeal from a total of six orders, or parts thereof, made by the trial court in the course of the foregoing proceedings. For the purpose of this opinion, these appeals are consolidated.

The briefs filed on behalf of appellants are unique in that they do not contain a single citation of authority. The respondent did not favor us with a brief, apparently preferring to rely upon the industry of others to determine the sufficiency of the record, to research the law, and to apply the same to the facts in the case.

Three of the orders from which an appeal was taken are concerned with the reports and awards presented to the court by the arbitrators, i.e., (1) the order of September 16, 1960,

which vacated an award theretofore filed by the arbitrators and directed that a "rehearing and redetermination" be made by them forthwith and a "report thereof filed within thirty days"; (2) an order dated November 23, 1960, vacating and referring back to the arbitrators for further consideration a second report and award filed by them; and (3) an order dated December 19, 1960, correcting the report and award of the arbitrators filed with the court on December 7th, confirming the award as corrected, ordering that judgment be entered in conformity therewith, and reserving jurisdiction to make any further orders required to wind up the partnership. With respect to the first two of these orders, the appeal is taken only from that part thereof referring the matter back to the arbitrators for further consideration. Purportedly the arbitration agreement in question was being enforced, by mutual consent of the parties, through the procedure provided by sections 1280 through 1293 of the Code of Civil Procedure. The orders of September 16, 1960, and November 23, 1960, vacating the awards previously filed with the court were made upon motion of the defendants. The direction of the court in each instance, as a part of its order, that the arbitrators should proceed to complete the arbitration, conforms to the agreement directing that the accounting issues in question should be submitted to arbitration. There is no provision in the statutes which prohibits such action, and the defendants have cited no authority to support their position that the order doing so was improper. Section 1288 of the Code of Civil Procedure provides that:

"Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."

The arbitration agreement in question contained no provision designating the time within which the award was to be made. Under these circumstances, a reasonable time would be implied; the order resubmitting the matter to the arbitrators for further consideration contained an implied finding that a reasonable time had not expired; and this conclusion is fully supported by the evidence in the premises.

The defendants contend that the matter should not have been resubmitted to the arbitrators because they "cannot make an impartial award." Ordinarily this is a matter for consideration upon motion for an order vacating an award by the arbitrators, and not in anticipation thereof. (See Code

Civ. Proc., § 1288.) Furthermore, the evidence before us does not justify the conclusion reached by the defendants. The issue clearly is one of fact which has been determined adversely to the contention in question by approval of the final award.

The order of December 19, 1960, corrected the award filed on December 7, 1960, following a hearing upon objections thereto by the defendants; was founded upon evidence produced at that hearing, which is not before this court—the appellants having appealed on a clerk's transcript alone; and confirmed the award as corrected.

The defendants object to the correction made, which declared, in effect, that they continued the business of the partnership after October 24, 1959, receiving funds and paying obligations incurred prior to that time, instead of declaring that these things were done pursuant to the partnership agreement, as was stated in the arbitrators' report prior to correction. The evidence before us justifies the conclusion reached by the court; the arbitration agreement contains the recital, signed by all parties, that the partnership "ceased the 22nd day of October, 1959"; and the partnership agreement does not authorize any of the partners to continue the business after the partnership has ceased. The defendants rely upon a provision in the latter agreement that, in the event one of the partners wishes to withdraw from the partnership he will offer to sell his interest to the remaining partners, and contend that the plaintiff, by executing the arbitration agreement, sold the partnership property to them. The terms of that agreement do not justify this conclusion. It is apparent that the defendants' main objective in this proceeding was to regain possession of the partnership property which had been taken from them through the receivership proceeding. The plaintiff, in his complaint, alleged that they had excluded him from the partnership business; refused to dissolve the partnership or render an accounting to him; and continued the business under a new name. By its interlocutory judgment the court found these allegations to be true. Under the circumstances, the contention that the plaintiff sold the defendants his interest in the partnership is wholly without foundation.

Our attention has not been directed to any evidence which would support a conclusion that the final award made by the arbitrators, as corrected by the court, should have been vacated or further corrected for any of the reasons set forth in

either section 1288 or section 1289 of the Code of Civil Procedure. We conclude that the order confirming the award should be affirmed.

Besides the three orders heretofore referred to, the defendants also appeal from an order denying their motion to set aside the default judgment taken against them. In substance, they contend that the attorney for the plaintiff told them he would not proceed with the action in question pending negotiations for settlement; and that the defendant Warriner deposited an answer with said attorney requesting that the same be ''recorded,'' which the attorney agreed to do. In reply, the plaintiff's attorney denied that he had made the foregoing representations and averred that he told the defendant Warriner that if the latter wished to appear in the lawsuit he would have to file an answer; that he, the attorney, could not assist therein, whereupon Warriner replied ''We will see about that'' and walked out of the attorney's office; and that Warriner was not seen again by the attorney until after the default judgment in question had been entered. The issue presented by the defendants' motion clearly involved the determination of a question of fact and the conclusion of the trial court in favor of the plaintiff, being supported by substantial evidence and resolving conflicts therein, may not be reversed on appeal. (*Waybright* v. *Anderson*, 200 Cal. 374, 378-379 [253 P. 148].)

''A motion for relief under section 473 is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal.'' (*Coyne* v. *Krempels*, 36 Cal.2d 257, 263 [223 P.2d 244]; *Gudarov* v. *Hadjieff*, 38 Cal.2d 412, 418 [240 P.2d 621]; *Colvin* v. *Sibley*, 117 Cal.App. 2d 144 [255 P.2d 16]; *Schreiber* v. *Duncan*, 111 Cal.App.2d 261 [244 P.2d 465].)

There is no showing that the trial court in the instant case abused its discretion in the premises, and under these circumstances the order denying the defendants' motion must be affirmed.

Two of the orders from which the defendants have appealed are not appealable, i.e., (1) the order of December 19, 1960, denying all of their motions to discharge the receiver theretofore appointed (*Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 484 [114 P. 838]), and (2) the order of the same date dismissing contempt proceedings against the arbitrators for having failed to file their report sooner. (*John*

*Breuner Co.* v. *Bryant,* 36 Cal.2d 877 [229 P.2d 356].) For these reasons the appeals from these orders should be dismissed.

The order of December 19, 1960, correcting and confirming the report of the arbitrators, contained a direction to the receiver to sell the assets of the partnership in his possession, and to hold the proceeds thereof in trust pending the further determination of the court in the premises. This part of the order in question obviously was not a part of the arbitration proceeding but was a part of the dissolution and accounting action in which an interlocutory judgment had been entered appointing such receiver. This appointment was a proper exercise of the court's discretion in the premises. (*Galich* v. *Brkich,* 103 Cal.App.2d 187 [229 P.2d 89] ; *Whitley* v. *Bradley,* 13 Cal.App. 720 [110 P. 596].) ▮ Whether an order instructing a receiver is appealable may be questionable, however, even assuming the appeal to be proper, the defendants make no showing of error in connection therewith. The court may order its receiver to sell property in his possession. (Code Civ. Proc., § 568.5; *Wulff* v. *Superior Court,* 110 Cal. 215 [42 P. 638, 52 Am.St.Rep. 78] ; *Toby* v. *Oregon Pac. R.R. Co.,* 98 Cal.490 [33 P. 550].) The defendants do not direct our attention to any evidence supporting a conclusion that the assets in question should not have been sold preliminary to any as an aid to disposing of all of the issues of the pending action, or that there was no need for such sale. This part of the order of December 19, 1960, also should be affirmed.

The appeal from the order of December 19, 1960, denying all motions to discharge the receiver and the appeal from the order of December 19, 1960, dismissing contempt proceedings, are dismissed. All other orders appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred.