Filed 1/26/23  McGuire v. Brenkle CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANK J. McGUIRE et al.,<br><br>      Plaintiffs and Respondents,<br><br>v.<br><br>THOMAS R. BRENKLE et al.,<br><br>      Defendants and Appellants. | A166233<br><br>(Contra Costa County<br>Case No. MSC15-01952) |

In June 2019, as part of its resolution of a water dispute between two neighbors, the court entered a permanent injunction requiring appellants Thomas and Natalie Brenkle (the Brenkles) to restore a steel water tank on their property and to connect the tank to pipes supplying water to the adjacent property owned by respondents Frank and Bethanie McGuire (the McGuires) in the same manner water was supplied on or just prior to August 1, 2014, which was shortly before the McGuires purchased the property.  In April 2022, the court found the Brenkles in contempt for violating the injunction.  In July 2022, the court denied the Brenkles' motion for reconsideration of its contempt order, which the Brenkles appealed.  Because the order was not appealable, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a water rights dispute between the McGuires and the Brenkles, landowners of adjoining rural residential parcels in Martinez,

1

California. Their two parcels had previously been owned and operated as a single tract of ranch land by Thomas Brenkle's father, Joseph Brenkle, until he split up the property among his children. Joseph Brenkle's son, Thomas Brenkle, received a large central portion of the property, and his daughter, Deborah Pregler, received the portion of the property referred to as the homestead. In 2014, after Pregler died, the McGuires purchased the parcel that had belonged to her.

After taking title, the McGuires sued the Brenkles alleging a number of claimed property rights including the right to use well water from the Brenkles' property. Relevant here, the complaint alleged that "at the time of their purchase, and for at least ten years prior thereto, well water from the Brenkles' Property was used by the owners of the McGuires' Property to supplement water from the Reservoir as was necessary to support the residence, landscaping, and a plant nursery on the McGuires' Property." The McGuires' claims included a cause of action for declaratory relief, in which they sought a judicial declaration that they were entitled to use water from the Brenkles' property as necessary to support the McGuires' residence, landscaping, and nursery. They also sought an injunction against the Brenkles to prevent their interference with the McGuires taking water from the well and water tank on the Brenkles' property.

In early 2019, following a bench trial, Judge Charles Treat issued a 23-page ruling on the equitable issues presented by the parties. Relevant here, Judge Treat found that the McGuires had the right to draw water from the "Milk Can Well" and to the use of the "Steel Tank" – both of which were located on the Brenkles' property – and notwithstanding the Brenkles' removal of the tank. Judge Treat directed the parties to meet and confer regarding the language for an enforceable permanent injunction that would

2

effectively preclude the Brenkles from interfering with certain water rights belonging to the McGuires and plan for the installation of a replacement water tank.

On June 25, 2019, Judge Treat granted the McGuires a permanent injunction which required the Brenkles to install a replacement water tank on their property where the Steel Tank had been and "connect the tank to pipes supplying water to [the McGuires' property] in the same manner as water was supplied on or just prior to August 1, 2014." Judge Treat also permanently enjoined the Brenkles and their successors from interfering with the operation of the tank and the McGuires' reasonable access to the tank and pipes for maintenance and repair. In addition, the Brenkles and their successors were permanently enjoined from interfering with the McGuires' reasonable and nonexclusive use of water from the Milk Can Well on the Brenkles' property.[1]

In November 2020, after participating in two mandatory settlement conferences, the parties entered into a mutual settlement agreement and release intended to resolve all remaining disputes between them.

According to counsel for the McGuires, on multiple occasions since the permanent injunction was issued, including in September, October, and November 2021, counsel contacted the Brenkles' counsel about "the McGuires not experiencing the water pressure they experienced on their property on or just prior to August, 2014 due to the Brenkles' failure to connect the tank to pipes supplying water to [the McGuires'] property in the same manner as

---

[1] Following entry of the order granting the permanent injunction, the Brenkles noticed an appeal of the order, which was designated Case No. A158203 in this court. They abandoned their appeal in October 2019. No record or briefs had been filed when abandoned.

water had been supplied previously." The McGuires represent that the Brenkles failed and refused to make the required connection.

On February 9, 2022 – over 2 ½ years after the permanent injunction was entered – the McGuires served an application for contempt under Code of Civil Procedure section 1211.[2] The application was made on the ground that the Brenkles had purportedly "failed to connect the steel water tank to pipes supplying water to [the McGuires' property] in the same manner as water was supplied on or just prior to August 1, 2014 as they were ordered to do in the Permanent Injunction."

On February 11, 2022, the Brenkles closed the sale of their property to an unrelated third party.

In April 2022, following a hearing, Judge Barry Baskin ruled that the Brenkles were in contempt for failing to comply with the court's June 2019 permanent injunction. The court noted that the contempt may be purged by reconnecting the water pipe on the Brenkles' property which Thomas Brenkle disconnected to the water system for the McGuires' property so the pipe supplies water to the latter property in the same manner it did before it was disconnected. The court set a hearing to determine compliance with its order.

On May 23, 2022, the Brenkles filed their "Brief in Response to Compliance re Contempt," seeking reconsideration of the court's April 2022 order and to have it vacated, which the McGuires opposed

On July 26, 2022, Judge Baskin denied reconsideration. The court's minute order stated it found "no reason to reevaluate its ruling on contempt. . . [¶] The Brenkle[s] are found to be in contempt." The order noted that Judge Treat had asked Judge Baskin "to point out certain terms of his

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise stated.

previous rulings and of the previously filed permanent injunction" of which Judge Baskin took judicial notice. It also expressed the court's intent to allow for remediation of the contempt issue and that the contempt counts were continuing to accrue. Further, the court noted that the Brenkles had advised the court of the sale of their property which they could no longer legally enter. Per the minute order, the court reminded the Brenkles that this issue "has been addressed and he was cautioned at the time that property owners should be added to the complaint so that they can understand the issues surrounding the property they purchased and be held accountable for the court's ruling on this contempt. At this point the Brenkle[s] will have to make a showing of their efforts to resolve the contempt issues with or without the new owners permission."

On September 22, 2022, the Brenkles filed a notice of appeal of the court's July 26, 2022 order, indicating they were appealing the order "to the extent that it modifies or interprets the Court's June 25, 2019 injunction."

On September 22, 2022, the Brenkles also filed a petition for writ of certiorari, review, prohibition, or other appropriate relief challenging the court's contempt order. The writ proceeding, Case No. A166155, is currently pending in this court.[3]

In December 2022, the McGuires moved to dismiss the appeal. The record has yet to be filed in the appeal, nor have any appellate briefs been submitted.

## DISCUSSION

The McGuires contend that the Brenkles' appeal must be dismissed as the order appealed from is nonappealable. We agree.

---

[3] We take judicial notice of the Brenkles' writ petition, including the exhibits in support of the petition, as well as the court filings made in that proceeding.

5

"In California, the right to appeal is governed solely by statute and, except as provided by the Legislature, the appellate courts have no jurisdiction to entertain appeals.  An appealable judgment or order is essential to appellate jurisdiction."  (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645 (*Art Movers*).)

An order denying a motion for reconsideration is not separately appealable.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576 ["The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law"].)  A litigant may appeal a ruling on a motion for reconsideration only by appealing the underlying order.  (§ 1008, subd. (g) ["An order denying a motion for reconsideration . . . is not separately appealable.  However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order"].)

 "The primary statutory basis for appealability in civil matters is limited to the judgments and orders described in section 904.1 of the Code of Civil Procedure."  (*Art Movers, supra*, 3 Cal.App.4th at p. 645.)

Under section 904.1, subdivision (a)(1), a judgment of contempt is not an appealable order.  (See § 904.1, subd. (a)(1) [appeal may not be taken from a "judgment of contempt that is made final and conclusive by Section 1222"[4]]; *John Breuner Co. v. Bryant* (1951) 36 Cal.2d 877, 878 (*John Breuner Co.*) ["It is well settled that orders and judgments made in cases of contempt are not appealable, and this rule has been held applicable both where the trial court

---

[4]     Section 1222 provides: "The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive."  (§ 1222.)

imposed punishment for contempt and where the alleged contemner was discharged."]; *Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1584, fn. 18 ["A judgment of contempt is not appealable."].)

Rather, the proper method to challenge a contempt order is to seek extraordinary writ relief, either through a petition for a writ of habeas corpus, certiorari, or prohibition. (*John Breuner Co.*, *supra*, 36 Cal.2d 877 at p. 878; *People ex rel. DuFauchard v. U.S. Financial Management, Inc.* (2009) 169 Cal.App.4th 1502, 1510 ["the contempt judgment is not appealable but must be reviewed, if at all, by writ"]; *Hanson v. Superior Court* (2001) 91 Cal.App.4th 75, 80, fn. 1 ["Prohibition lies to determine whether a superior court has exceeded its jurisdiction by imposing an invalid contempt order."]; *Lister v. Superior Court* (1979) 98 Cal.App.3d 64, 69 ["A writ of prohibition is an appropriate vehicle for determining whether a lower court has exceeded its jurisdiction by imposing an invalid contempt order."].)

Because a contempt order is nonappealable, an appeal from such an order is properly dismissed. (*John Breuner Co.*, *supra*, 36 Cal.2d at p. 878; see also *Albertson v. Warriner* (1962) 199 Cal.App.2d 560, 564–565 [dismissing appeal from order in contempt proceedings because not appealable].)

Here, the Brenkles appealed from the court's July 26, 2022 order, which was an order denying Brenkles' request for reconsideration of its April 2022 order finding them in contempt. We dismiss the appeal on the grounds that it challenges an order denying a motion for reconsideration. (§ 1008, subd. (g).) Nor is the order reviewable under section 1008, subdivision (g)'s exception applicable where "the order that was the subject of a motion for reconsideration is appealable." (*Ibid.*) The April 2022 order was an order made in a case of contempt, and as noted, it is well settled that such orders

7

are not appealable either.  (*John Breuner Co., supra*, 36 Cal.2d at p. 878.) The Brenkles' appeal is therefore dismissed.

The Brenkles do not dispute that contempt orders are not appealable and acknowledge they have filed a writ petition challenging the court's contempt order for that reason.  Nonetheless, they contend that they have appealed the court's July 26, 2022 order "to the extent that it interprets and modifies the underlying injunction."  In their view, the court's July 26, 2022 order "did more than just presage a contempt sentence, it also interpreted the June 25, 2019 permanent injunction" in an "extreme and unreasonable" manner.  Thus, the Brenkles assert the order is appealable as an order after judgment under section 904.1, subdivision (a)(2) or as an order interpreting or modifying an injunction.  To the extent the July 26, 2022 order constituted an "appealable post-judgment order modifying the injunction," they filed their appeal "in an abundance of caution."

None of the Brenkles' arguments make the July 26, 2022 order appealable.  That order expressly states: "The court finds no reason to reevaluate its ruling on the contempt."  The April 2022 ruling on contempt, in turn, states that it was being issued because the Brenkles failed to comply with the June 25, 2019 injunction.  Both orders plainly arose from contempt proceedings and are thus not appealable.  For such orders, as the Brenkles readily acknowledge – even in their writ petition – writ relief is their *sole* remedy.  Their writ petition challenging the court's contempt order is pending.[5]

Further, nothing in the April 2022 or July 2022 orders purported to modify the obligations imposed on the Brenkles in the June 2019 permanent injunction.  Under the terms of the injunction, the Brenkles were required to

---

[5]     We express no view on the merits of the pending petition.

8

install a replacement water tank on their property where the Steel Tank had been and "connect the tank to pipes supplying water to [the McGuires' property] in the same manner as water was supplied on or just prior to August 1, 2014." The April 2022 contempt order explained that the Brenkles could purge the contempt by "reconnecting the water pipe on [their] property . . . which Thomas Brenkle disconnected on or shortly after August 1, 2014, to the water system for the [McGuires' property] so the pipe supplies water to [the McGuires' property] in the same manner as it did before it was disconnected." Nor did the July 26, 2022 order change the injunction's requirement for the Brenkles to connect the water tank to pipes supplying water to the McGuires' property in the same manner as water was supplied around August 2014, notwithstanding the Brenkles' property change of ownership. The orders seek the execution of the injunction according to its terms. There has been no modification to the injunction that makes the court's April 2022 and July 2022 contempt orders appealable.[6]

In light of our dismissal of the appeal on grounds of nonappealability, we need not address the disentitlement doctrine as an alternative basis for dismissal.

## DISPOSITION

The appeal is dismissed. The McGuires are to recover their costs on appeal.

---

[6] The Brenkles assert that they have no objection to consolidating their appeal and their pending writ petition. No party has requested consolidation, and in light of our dismissal of the appeal, there is no need to consider it.

9

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Rodríguez, J.

A166233/*McGuire et al., v. Brenkle et al.*