[Civ. No. 2322. Fourth Appellate District.—August 18, 1939.]

A. T. TAECKER, Appellant, v. JOHN L. PARKER, Respondent.

A. T. Taecker, *in pro. per.,* for Appellant.

Harry W. Horton and George R. Kirk for Respondent.

HAINES, J., *pro tem.*—The record shows that, on April 15, 1935, appellant Taecker, acting through an attorney, filed action in the Superior Court of Imperial County seeking damages from respondent, a physician, for alleged negligence in the treatment of an injury to one of the appellant's eyes. Respondent's answer was filed on November 16, 1935, and the case was thereafter at issue. Various attempts were made to bring it on for trial but numerous continuances and resettings were from time to time made, always, so far as appears, at the request of appellant's counsel, at times because of appel-

lant's own physical inability to go to the Imperial Valley for trial of the case and at other times because of illness or other engagements on the part of his attorney. The cause was at length reset to be tried on April 19, 1938, of which due notice was given and according to the affidavit of respondent's attorney he, on March 5, 1938, wrote appellant's counsel not to count on any further continuance but that he would insist that the matter be tried and disposed of on April 19th. Appellant's original attorney had meanwhile, with appellant's consent, associated an additional attorney with him who was expected in appellant's behalf to conduct the actual trial. Application had been made for a jury but no deposit of fees originally made. According to the affidavit of appellant's attorneys, whose offices are in Los Angeles, they received a wire dated April 15, 1938, from the county clerk at El Centro asking whether to summon a special jury and calling their attention to the circumstance that no jury fees had been deposited. The following day these fees were sent by wire to the clerk who, however, on the same day wired that the jury had been excused and the trial would be by the court. This wire came into the hands of appellant's counsel on April 17th. According to the affidavit of appellant's original attorney, he was obliged on April 18, 1938, to be in San Bernardino for the trial of a case there and while there, received a wire from his associate stating that appellant's case had been continued to May 4th. The affidavit of such associate counsel states the fact to be ''as he recalls'' that he, on April 18th, after vainly trying to reach respondent's counsel by telephone and talking by telephone to the clerk and the other Imperial County judge, finally succeeded in getting the trial judge by telephone and was informed by him that the jury had on April 15, 1938, been dismissed, as no jury fees had been deposited. He says he told the trial judge that these had meanwhile been sent and that he did not want the case to be tried by the court. Thereupon, as he states, he was informed by the trial judge that the next time that there would be a jury in his court would be on or about May 4, 1938. The affidavit then proceeds:

''Your affiant states that he then requested the court to continue said case to May 4, 1938, and said Court stated that he would continue said case to said day and that he would make an Order immediately on the Clerk of said Court to

apply the fee deposited with the said Clerk as jury fees in said action. Thereupon your affiant thanked the Court and informed the Court that he would be ready for trial on the said *dated.*"

On April 19th, respondent's counsel, as is set out in his counter-affidavit, appeared in court ready for trial but, finding appellant unrepresented, at about 11 A. M. on that day wired appellant's counsel that he had had the case continued until the following day, April 20, 1938, at 10 A. M., and would insist on dismissal of the case if not then tried. This wire was received in due course on the same day, April 19, 1938, by the associate counsel for appellant who did nothing about it except to communicate its contents to appellant's original counsel at 2 or 3 o'clock in the afternoon, and he also did nothing about it. The claim is made that the time was too short to enable appellant and his attorneys to be present in court ready for trial on April 20th.

Appellant's own affidavit intimates that his case was more or less neglected by his attorneys particularly in that in February of 1938 he had asked that the deposition of an eye specialist in Los Angeles and of two other necessary witnesses be taken but that his counsel took no steps to take any of such depositions. He says, however, that he had been notified that his case was to be tried on April 19th, and was in the office of his original counsel with his associate counsel at the time that the latter was on April 18th, telephoning to the trial judge at El Centro and that such associate counsel, after such telephone conversation, told him that the court had continued his case until May 4th. After learning on April 21st of the court's action in dismissing his case on the preceding day, appellant says that he talked with his original counsel about having it reinstated and was informed by the latter that application might be made for that purpose at any time within six months, but that having become suspicious of his counsel, he filed with the State Bar a complaint against the one whom he had originally employed and obtained a substitution of himself in the case *in propria persona.*

The question whether relief from a default shall under section 473 of the Code of Civil Procedure be granted or refused is addressed to the discretion of the trial court and we may not interfere with its exercise of such discretion unless it has been abused. (*Seymour* v. *Wood,* 63 Cal. 81; *Nicoll*

v. *Weldon,* 130 Cal. 666 [63 Pac. 63]; *Ingrim* v. *Epperson,* 137 Cal. 370, 372 [70 Pac. 165]; *Moore* v. *Thompson,* 138 Cal. 23, 26 [70 Pac. 930]; *Brennan* v. *Weissbaum,* 77 Cal. App. 120, 124 [245 Pac. 1104]; *Startzman* v. *Los Banos Cotton Gins,* 82 Cal. App. 624, 631 [256 Pac. 220].) In the instant case, inasmuch as the appellant's showing was so largely based on the claim of an *ex parte* telephone conversation between one of his counsel and the trial judge and on an assurance claimed to have been given by such judge that an order of continuance would be made, we think it would have been most appropriate for the judge himself, as a preliminary to passing on the application to set aside the default, to have filed an affidavit setting out his own recollection of what the telephone conversation was in order to make his own account of it a matter of record. In strictness, however, such conversation had no legal significance in the sense of amounting to any actual continuance of the case. It was at most a mere extra-judicial conversation, never effectuated by any actual court order. That being so, we think that upon the receipt of the wire of April 19th, from respondent's counsel, who had, two weeks previously, given warning that he would consent to no further continuances, to the effect that the case had gone over to the following day, April 20th, and that he would then insist that it be tried or dismissed, reasonable diligence required that appellant's counsel, if they could do no more, should on that day have presented themselves in person before the court and there insisted on any rights that they might have claimed to have to more time by reason of said alleged conversation with the trial judge. We will take judicial notice that it is not physically impossible or even difficult to go from Los Angeles to El Centro between the middle of the afternoon of one day and 10 o'clock in the morning of the next.

It is true that there are circumstances in which it is just to relieve a party to an action from some disadvantage that he may have suffered from inattention or negligence on the part of his counsel. We do not think, however, that the instant situation presents a very strong case for such relief. Though but an ordinary tort action, this case had been at issue for over two years and five months. Accommodation after accommodation had been extended to appellant and his counsel in the matter of deferring the time for trial. Appellant's

loss of the right to a jury was not attributable to respondent. Appellant admits having noticed some months before the dilatory conduct of his counsel in the matter of the depositions. Respondent had the right to insist on seasonable disposition of his case. In spite of the fact that the judgment was rendered on April 20, 1938, the motion to set it aside was not made until October 7th, of that year, very shortly before the time allowed by law for making it would have expired.

We think on the whole, that the record shows no abuse of the trial court's discretion. The order appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1939. Carter, J., voted for a hearing.