[Civ. No. 25018. Fourth Dist., Div. Two. Feb. 25, 1981.]

CITY OF ANAHEIM, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
JOHNATHAN BETEAG, Respondents.

COUNSEL

William P. Hopkins, City Attorney, and Howard P. Brody, Deputy City Attorney, for Petitioner.

Richard W. Younkin, William B. Donohoe, Dexter W. Young, Lewis & Marenstein and Alan B. Marenstein for Respondents.

OPINION

**KAUFMAN, Acting P. J.**—Petitioner City of Anaheim (City) seeks review and annulment of an order of the Workers' Compensation Appeals

Board (WCAB or Board) filed August 18, 1980, denying a motion for removal to the Board which in effect upheld a determination by a WCAB judge denying a motion by City to change the place of trial[1] from Board's Ventura office to its office in Santa Ana.

Johnathan Beteag (Mr. Beteag or applicant) was employed as a police officer by the City which is permissibly self-insured for workers' compensation. On March 17, 1980, Mr. Beteag filed two applications for adjudication of claim in the Ventura office of the WCAB. One asserted injury to various organs and bodily systems allegedly caused by stress and strain arising out of his employment during the period January 18, 1965, through March 14, 1980. The other asserted a back injury during the month of August 1979, stemming from an "altercation." Neither injury nor any of the parties or their attorneys nor any prospective witness had or has any connection with the County or City of Ventura. Mr. Beteag resides in Riverside; his services were performed in and around Anaheim; City's offices, of course, are in Anaheim; City, being permissibly self-insured is represented by a deputy city attorney whose office is in Anaheim;[2] and applicant's attorneys have their offices at 2500 Wilshire Boulevard, Los Angeles.[3]

Under the date of March 28, 1980, applicant's counsel filed a declaration of readiness to proceed requesting that the case be set for hearing.[4] The place at which hearing was requested was not

---

[1]Although Board, City and we sometimes use the expressions "motion for change of venue," or "motion to change the place of trial" those expressions do not accurately portray the procedure. It is more accurate to say that a party requests in its declaration of readiness to proceed (DR) that the hearing be held in a location other than the WCAB office in which the application was filed or the case originated.

[2]In both applications on the line for the name of the employer's insurance carrier, there appears "R. L. KAUTZ & COMPANY," and in several instances letters or other documents recite service by mail on R. L. Kautz & Company. It is undisputed, however, that the City is permissibly self-insured, and that fact was stated in the applications. Just who R. L. Kautz & Company is the record does not disclose. We surmise that it may be City's claims administrator. In any event the record indicates that the address of R. L. Kautz & Company is in Irvine.

[3]The record indicates that applicant's attorneys also have offices in San Bernardino and Sacramento.

[4]The declaration of readiness to proceed and an accompanying letter requested that hearing be set on an emergency basis due to the failure of City to provide benefits. Subsequently in a telegraphic communication City denied that benefits were being wrongfully withheld. The applications were dated March 14, 1980, and imply that ap-

specified.[5] On April 8 there issued out of the Ventura office of the WCAB a notice of hearing with respect to both applications, on May 15, 1980, at 1:15 p.m. in Ventura.

On or about April 22, 1980, City filed an answer and declarations of readiness to proceed in each case requesting that the case be set for hearing at Board's Santa Ana office. Contemporaneously City filed a letter in support of its request to have the cases heard at the Santa Ana office.[6] City also filed at the same time a notice of the taking of applicant's deposition and a motion for continuance of the hearing date.

By letter dated April 23, 1980, applicant, through counsel, objected to City's motions for changing the place of trial and for continuance. The text of this letter is set forth in the margin.[7]

By letter dated May 5, 1980, the presiding WCAB judge at the Ventura office informed City that its motion was denied because "there has

---

plicant was still employed by City at that time. In the space provided for specification of the "last day off work due to this injury and beginning and ending dates of all periods off due to this injury" the word "none" appears on the continuing trauma claim and the word "unknown" appears on the claim for back injury. Both applications indicate that all medical treatment was provided by the employer, and the application with respect to the back injury claim states that compensation was paid.

[5] An outmoded form was used which did not have a space to be filled in with the location at which hearing was requested.

[6] The letter stated City's strong objection to the Ventura office as the place for trial because "[t]he defendant is severely prejudiced in having to adjudicate this matter as far away as Ventura County." "There exists no rationale [sic] connection between Ventura County and the Applicant or alleged incident involved herein." It pointed out that the applicant "works in the City of Anaheim, and resides in the City of Riverside" (underscoring deleted) and that applicant's three physicians, whose names and addresses were set forth, have their offices in Los Angeles and Montebello. It was further asserted: "The Applicant previously filed and adjudicated his prior workers' compensation case (77 ANA 70787) in the WCAB-Santa Ana. All the Applicant's prior applications, medical records and case history are in the WCAB-Santa Ana."

[7] "The Applicant strenuously objects to the Defendant's Motion for Change of Venue and Motion to Continue Hearing dated April 22, 1980. The Rules of Practice and Procedure allowing for free choice of venue are for the convenience of the Applicant and his attorney, and not for the convenience of the Defendant and witnesses.

"This matter is presently set for hearing on May 15, 1980, and any change of venue or postponement thereof would cause extreme hardship to the Applicant, who is presently without funds due to the Defendant's refusal to provide benefits to him.

"It is, therefore, respectfully requested that the captioned matter proceed to hearing in Ventura on May 15, 1980 at 1:15 p.m. as scheduled."

been no compliance with the Codes [*sic*] of Civil Procedure for a motion for change of venue."[8]

By letter dated May 7, 1980, addressed to the presiding WCAB judge in the Ventura office City requested reconsideration of the ruling on the grounds that the venue provisions of the Code of Civil Procedure are not applicable to workers' compensation proceedings and that its filing the declarations of readiness and letter requesting the hearing in Santa Ana had been suggested by "your office" as the proper procedure.[9]

On or about May 12, 1980, City sent a telegram to the WCAB at its Ventura office indicating that applicant's deposition had been taken and would show that the assertion that City was denying benefits (see fn. 4, *ante*) was false. It requested that the hearing set for May 15 be continued "as superfluous" and that City's motion to change venue be reconsidered.

The presiding WCAB judge treated City's telegram as a petition for removal to the Board,[10] cancelled the scheduled hearing and transmitted the matter to the chairman of the Board for such further action as the Board should deem appropriate.

On August 18, 1980, the Board, acting through a three-member panel issued its opinion and order denying motion for removal, the caption of which indicates that it pertains both to the two claims filed in the Ventura office and, in addition, the earlier claim filed by Mr. Beteag in the Santa Ana office (77 ANA 70787) (see fn. 6, *ante*).[11]

---

[8]The dispositive portion of the letter read: "With reference to your Declaration of Readiness requesting that a hearing be held in Santa Ana, please be advised that there has been no compliance with the Codes of Civil Procedure for a motion for change of venue. Accordingly, your motion is denied."

The letter then suggested that if City wished to contest the decision it might file a petition for a writ of prohibition or other appropriate writ in the Court of Appeal.

[9]The letter also requested a decision on the motion for continuance in connection with which it was stated in part: "Furthermore, we have medical reports and a deposition (May 9, 1980) to submit which will not be available as of May 15, 1980."

[10]A few days later the presiding WCAB judge addressed a letter to counsel for City explaining that because the Board holds that a petition for reconsideration does not lie from a motion denying a change of venue, Board's review of an order by a WCAB judge denying a change of venue is obtained by a motion for removal to the Board.

[11]The rationale of Board's opinion and order reads as follows:

"The June 1979 supplement to the C.E.B. authority cited by the defendant provides at Section 6.29—6.30, page 66, that: '...*Good cause must be shown if* (1) a workers' compensation judge in the office from which transfer is requested has been "substan-

City contends that Board's order must be annulled because it is unreasonable. (See Lab. Code, § 5952, subd. (c)); *Robert G. Beloud, Inc. v. Workers' Comp. Appeals Bd.* (1975) 50 Cal.App.3d 729, 735 [123 Cal.Rptr. 750].) We agree.

First, in view of the existing confusion and uncertainty as to what constitutes proper venue in workers' compensation proceedings and the procedural requirements for making a viable motion for change of venue, we have some doubt that the Board acted reasonably in denying City's request that hearing be held in the Santa Ana office without notifying City more specifically of the respects in which its motion was deemed defective and affording City an opportunity to satisfy Board's asserted requirements. The letter to City from the presiding WCAB judge in the Ventura office informing City that its request was denied because "there had been no compliance with the Codes of Civil Procedure for a motion for change of venue" (see fn. 8, *ante*) can hardly be said to have given City notice that its request was deemed insufficient because it was unaccompanied by declarations or affidavits setting forth the names of the expected witnesses and the substance of what their testimony was expected to be. And, in any event, City was afforded no opportunity to supply additional information by affidavit, declaration or otherwise.

City's request that the hearing be held in the Santa Ana office was made in a "Declaration of Readiness to Proceed," the form of which is prescribed in the Rules of Practice and Procedure of the Board (Cal. Admin. Code, tit. 8, § 10415). The form contains the printed words "Defendant requests that this case be set for hearing at" followed by a blank space in which it is indicated that the declarant is to fill in the lo-

---

tially involved" with the case, (2) the opposing party objects within 10 days, or (3) the request is for transfer to Bell Gardens or Los Angeles. Although the venue provisions of the Code of Civil Procedure are not applicable to workers' compensation proceedings (*Bakersfield* v. *WCAB (Barger)* (1978) 43 CCC 847), the presiding workers' compensation judge may refer to CCP § 397 when determining if good cause for transfer exists. *If good cause is not required* or if good cause is found, transfer will be ordered by the presiding workers' compensation judge of the office in which the case is on file.'

"It appears that the workers' compensation judge's reference to the Code of Civil Procedure was tantamount to a finding of no good cause to transfer venue. *Good cause was certainly required if by nothing else than applicant's immediate and strenuous objection* (No. (2) above). On review, we find that defendant has failed to specify any facts that established good cause for the transfer."

"... We find no abuse of discretion by the trier-of-fact in this case and are accordingly disinclined to alter his denial of defendant's motion for change of venue." (Italics added.)

cation of the office of the Board at which hearing is requested. Although the reverse side does contain a number of instructions concerning its execution and use, there is nothing on either the front or reverse side of the form indicating that the form must be accompanied by affidavits or statements showing good cause in general or the names of prospective witnesses and the substance of their anticipated testimony specifically.[12]

■ The Board has statewide jurisdiction over workers' compensation proceedings. (See Lab. Code, § 130; Cal. Workmen's Compensation Practice (Cont.Ed.Bar. 1973) § 6.29.) However, there is nothing in the Labor Code, the Rules of Practice and Procedure of the Board nor the Rules and Regulations of the Administrative Director for determining venue in workers' compensation proceedings. (See 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 5.03[6]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) §§ 6.29, 6.30.) While the provisions of the Code of Civil Procedure relating to venue in civil actions may in appropriate situations serve as an aid in determining the appropriate place for hearing in a workers' compensation proceeding, they are not applicable to workers' compensation proceedings, strictly speaking. (See *Bakersfield v. WCAB (Barger)* (1978) 43 Cal.Comp.Cases 847; Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) §§ 6.29—6.30; 1 Hanna, *supra.*)

Certain territories have been assigned to specific district offices for administrative purposes (e.g., Orange County is assigned to the district office in Santa Ana) (see Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 6.29), and some sort of venue lines have apparently been laid down and changed from time to time in memoranda from the administrative director to the presiding WCAB judges in

---

[12]It is possible that this absence of any reference to the necessity of making a showing of good cause by supporting papers or otherwise is explained by the fact that as late as May 9, 1977, in the next to the last memorandum from the administrative director to all presiding workers' compensation judges on the subject of venue and an accompanying "STATEMENT OF ADMINISTRATIVE DIRECTOR...REGARDING VENUE" it was indicated that a request for hearing at a place other than the office in which the application was originally filed should be granted without any requirement that good cause be shown unless another party objected to the request within 10 days, unless there had been "substantial involvement" by a WCAB judge then available at the district office from which transfer was requested or unless the request was for transfer to "Bell Gardens, Inglewood or Los Angeles." (See discussion *infra*; see also fn. 11, *ante*, quoting the language of the 1979 supplement to Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1979); Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) §§ 6.29—6.30.)

Board's several offices. Board has attached to its answer to the petition copies of several such memoranda dated March 29, April 8, May 9 and August 31, 1977, indicating that they are all or at least the latest of such memoranda. In substance, these memoranda disclose the administrative director's concern with the burgeoning caseload, especially in the metropolitan areas of the state, and purport to set forth certain "procedures" to be followed by the presiding WCAB judges on an experimental basis in problems relating to venue. Although more than three years have passed since the date of the last memorandum, no rule or regulation has been promulgated by either the Board or the administrative director giving any of these "procedures" legal status.[13] Nevertheless, in reviewing the order at hand we are not disinterested in the administrative director's concerns, and some of the provisions and "procedures" set forth in these memoranda bear on the reasonableness of the order under review.

The administrative director's May 9, 1977, memorandum stated in pertinent part: "The new procedures described in my memoranda of March 29, 1977 and April 8, 1977 are, of course, of great interest to attorneys and others who are assisting us in the task of processing claims to workers' compensation benefits from application to decision. These new procedures have been initiated on a trial basis and, therefore, have not been made the subject of a Policy and Procedural Manual Directive or WCAB Rule. In order to ensure that the new procedures are uniformally [sic] understood by all concerned and uniformally [sic] implemented throughout the State I have prepared the enclosed statement. You will note that the statement includes, with some very slight modification, the instructions with respect to *place of filing* and *requests for transfer* set out in my memoranda of March 29, and April 8, 1977. [¶] Please check procedures in effect now in your respective offices to see that they are consistent with the enclosed statement and then copy, post and distribute the statement so that all persons interested will be advised." (Original italics.)

The statement accompanying the May 9 memorandum set forth the administrative director's concern that parties appearing before a judicial tribunal should be entitled to be represented by an attorney of their own choosing and expressed the belief that it was becoming increasingly difficult for an injured employee to select an attorney in any but the

---

[13]Counsel for the Board informed the court at oral argument that the formulation and promulgation of appropriate rules and regulations is now under way.

largest attorney offices who would likely be able to represent that employee at a given hearing on a particular day in any of the offices in the Los Angeles basin. Noting that it had been intended "that some action would be taken to alleviate the situation created by existing venue lines several months ago," and that steps were being taken to obtain office space for a new district office to be located in downtown Los Angeles, it was stated: "In the meantime, it is considered essential that venue lines be relaxed wherever possible. This relaxation must be limited so that the Los Angeles, Inglewood, and Bell Gardens offices, which are not prepared at this time to accept any increase in new filings, can be protected."

The statement then went on to address the questions of the "Place of Filing" and the "Transfer of cases for further proceedings." As to the place of filing, with the exception of Bell Gardens, Inglewood and Los Angeles where applications were to be accepted only on claims of an injured worker residing within "existing venue lines," "case-originating pleadings received are to be accepted for filing and case-opening without regard to residence of the injured employee" except that certain existing informal agreements for reciprocity between adjacent district offices were to remain in effect.

With respect to the transfer of cases from the district office in which the case was originated to another district office, it was prescribed that, although the Board retained the right to transfer a case from one office to another on its own motion, "transfers will be ordered by [presiding WCAB judges] at the request of a party *only in response to filing and service by the party requesting the transfer of a Declaration of Readiness to Proceed* requesting further proceedings in a District Office other than the office which originally accepted the case for filing and case-opening. When such a Declaration of Readiness to Proceed is received *the case should be transferred as requested* following the expiration of the 10-day hold period contemplated by WCAB Rule 10416 except in the following circumstances." (Original italics deleted; italics added.) There were then enumerated three exceptional circumstances in substance as follows: (a) where there had already been in the case "substantial involvement" by a WCAB judge who was then available at the district office from which transfer was being requested "and the party requesting further proceedings elsewhere fails to show good cause for the requested change of venue"; (b) "[t]he opposing party objects to the requested transfer [within 10 days] and the party requesting further proceedings elsewhere is unable to show good cause for the re-

quested transfer"; and (c) "[t]he transfer requested...is to Bell Gardens, Inglewood or Los Angeles and the party requesting the transfer is unable to show good cause for the same." Otherwise, it was stated: "In many situations that ruling [order granting a request for hearing in another office than that in which the case was originated] will be automatic because, *pursuant to the above rules, the moving party need not show good cause.*" (Italics added.) (See fn. 12, *ante.*)

It is to these "procedures" that the Board made reference by its quotation from the 1979 supplement to California Workmen's Compensation Practice sections 6.29—6.30 in its order. (See fn. 11, *ante.*) In sections 6.29—6.30 of the June 1980 supplement to California Workmen's Compensation Practice these "procedures" are also referred to as representing the practice of the Board. In fact, however, the administrative director had issued another memorandum to all WCAB presiding judges on August 31, 1977, in which it was stated in relevant part: "Experience since April 1, 1977, indicates that changes are necessary with respect to venue. Pending issuance of a more detailed directive, the following procedures are to be followed: [¶] 1. The Statement circulated with my memorandum of May 9, 1977, remains fully operative, except as modified below." In a paragraph numbered 3 one of the modifications is set forth as follows: "With respect to *transfer of cases* from the district office where the case has been filed to another district office *for further proceedings*, the procedures set forth in...the Statement are modified so that although the WCAB has the right to transfer a case from one district office to another on its own motion, [WCAB judges] are to transfer cases *only* upon a showing of good cause therefor by the party requesting the transfer. [WCAB judges] are no longer to grant requests for transfer made by the DR [Declaration of Readiness to Proceed] or otherwise merely because the opposing party fails to object to the requested transfer." (Original italics.)

Presumably the reason that the modification set forth in the August 31, 1977, memorandum was not referred to by the Board in its order and has not been picked up by the authors of the supplements to California Workmen's Compensation Practice is that, unlike the May 9, 1977, memorandum and accompanying statement, little or no publicity was given to the August 31 memorandum. In any event, so far as appears to have been publicly known at the time City made its request for hearing in Santa Ana, the correct procedure was to file a declaration of readiness to proceed on the prescribed form requesting hearing at the place desired, and no showing of good cause was required in the ab-

sence of an objection from another party to the proceeding. (See quote from statement of the administrative director accompanying his memorandum dated May 9, 1977, at pp. 257-258, *ante.*) Inasmuch as neither the prescribed form nor the instructions printed on the reverse side of the form gave any indication that it was necessary to file supporting documents showing good cause or setting forth the names and addresses of prospective witnesses and the substance of their testimony, a party filing a DR requesting a hearing in another WCAB office would reasonably have expected an opportunity to show good cause after an objection, if any, from an adverse party were made.[14]

■ In any event, however, we have concluded that the facts and circumstances shown by City or otherwise known to Board from papers in the file established good cause for City's request that the hearing be held in the Santa Ana office. The statement in the letter of objection filed on behalf of applicant that "[t]he Rules of Practice and Procedure allowing for free choice of venue are for the convenience of the Applicant and his attorney, and not for the convenience of the Defendant and witnesses" is not entirely correct. In the first place as already observed, the Rules of Practice and Procedure contain no provision whatever relating to venue. More importantly, while the convenience of the applicant and his attorney are a first consideration, the convenience of witnesses and the avoidance of undue or unnecessary hardship to the defendant and the defendant's attorney in litigating the matter are also appropriate considerations. In his memorandum of August 31, 1977, the administrative director stated: "Considerations to be considered upon the receipt of a request for transfer should include location of the previously 'substantially involved' [WCAB judge], as well as convenience of all parties, counsel, prospective witnesses and the WCAB." (See also Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 6.30; 1 Hanna, *supra,* § 5.03[6].)

Before proceeding to the substance of the facts shown by City and otherwise known to the Board from papers in the file, we briefly address the fact that the information furnished by City in support of its request for hearing in the Santa Ana office was by letter rather than in the

---

[14]Whether the objection made by applicant through his attorney's letter dated April 23, 1980 (see fn. 7, *ante*) was substantively sufficient to trigger the requirement of a showing of good cause as set forth in the administrative director's statement accompanying the memorandum of May 9, 1977, we need not determine in view of our conclusion (*infra*) that good cause was shown as a matter of law in the circumstances of this case.

form of an affidavit or declaration as is required under the Code of Civil Procedure provision relating to venue (see, e.g., *Pearson v. Superior Court* (1962) 199 Cal.App.2d 69, 77 [18 Cal.Rptr. 578]).

■ The Board undoubtedly has the authority to require the formality of an affidavit or declaration to establish good cause, but its procedures have traditionally been informal; "motions" or "petitions" are frequently presented by letter; and in the absence of any rule or regulation specifically requiring that the showing be made by declaration or affidavit and without any notice to City that its request was defective because it failed to present an affidavit or declaration and without City being afforded an opportunity to supply the deficiency, it would be arbitrary and unreasonable to deny City's request on that basis. Indeed, in the administrative director's statement accompanying his memorandum dated May 9, 1977, it is said: "In many cases, however, that ruling [order granting a request for hearing in another office] will have to be based on *information of record*, including change of residence of the injured worker, present availability of previously 'substantially involved' [WCAB judge], *or other information* which establishes good cause for the transfer." (Italics added.)

■ We turn to the substantive information presented by City in connection with its request for hearing in Santa Ana and otherwise disclosed by papers in the file at that time. Even if the fact that the applicant had filed an earlier claim in the Santa Ana office is ignored,[15] City brought to the Board's attention that there was no rational connection between any fact in the case and the Ventura office. The applicant worked and suffered his injuries, if any, in Anaheim. He resides in Riverside. His attorney has his offices near downtown Los Angeles, and his three treating physicians were officed in Los Angeles and Montebello. City's offices are in Anaheim, and City, being permissibly self-insured, is represented by its city attorney whose office is, of course, also in Anaheim. Unlike many if not most cases, representation of the defendant was not being provided by an insurance company having offices and attorneys throughout the state.

---

[15]We are not informed whether or not the earlier claim was in any way related to the present claims. We do observe that in the caption of Board's order denying the request for removal to the Board, the Santa Ana case is designated as one of the cases to which the order pertains. From this fact one would surmise that there is some connection between the earlier claim and the present claims. However, the existence or nonexistence of such a connection plays no part in our determination.

In its petition for writ of review, City has set forth a table of the distances and miles from the applicant's residence and the offices of the attorneys and treating physicians to Board's offices in Ventura and Santa Ana; it is set forth in the margin below.[16] In almost every instance the mileage to the Ventura office is at least double that to the Santa Ana office. City also asserts without contradiction that "[i]t involves well over 3 hours of roundtrip travel for the Defendant, defense witnesses, and a lesser but still substantial travel time inconvenience for applicant, applicant's counsel and applicant's witnesses" to go to the Ventura WCAB office for hearing. City stated in its letter accompanying its request for hearing in Santa Ana that it would be "severely prejudiced in having to adjudicate this matter as far away as Ventura County." (See fn. 6, *ante.*) ■ ■ ■ ■ We take judicial notice that it is more difficult, more time-consuming and more expensive for a party to engage in a contested litigation in a tribunal some 95 miles distant from the offices of its attorney and prospective witnesses than in a tribunal only 9 miles away.[17]

It is true that City failed to specify the witnesses it intended to call or to state the substance of what their testimony might be expected to be. However, City was hardly in a position to do so given the facts that applications had been filed only a short time before at which time, from the data given in the applications, the applicant was still on the job (see fn. 4, *ante*); that, apparently, no medical reports had been served upon City; and that City had not had an opportunity to depose the applicant

---

[16]

| "DISTANCE FROM | VENTURA-WCAB | SANTA ANA-WCAB |
|---|---|---|
| Applicant's residence in Riverside, California | 136 miles | 43 miles |
| Applicant's counsel's office on Wilshire Blvd., in Los Angeles | 64 miles | 37 miles |
| Applicant's examining physicians: | | |
| Dr. Gould | 67 miles | 49 miles |
| Dr. Markovitz | 67 miles | 49 miles |
| Dr. Liebeskind | 77 miles | 26 miles |
| Defendant's office in Anaheim, California | 95 miles | 9 miles" |

[17]This court has the authority, of course, to take judicial notice of the distances and travel time between places (Evid. Code, §§ 459, 452; *Dept. of Social Welfare* v. *Gandy* (1942) 56 Cal.App.2d 209, 211 [132 P.2d 241]; *Taecker* v. *Parker* (1939) 34 Cal. App.2d 143, 146 [93 P.2d 197]), and we take judicial notice of the distances and times set forth in the petition.

or to have him examined by physicians other than the treating physicians. ■ What City did show, however, was that neither the applicant, nor the alleged injuries, nor any potential witness then known, nor any attorney for any party, had any connection with Ventura.

The Board's conclusion that the applicant's objection to City's request was of great significance, indeed dispositive (see fn. 11, *ante*) was without rational basis. The letter from applicant's attorney objecting to City's request for hearing in Santa Ana (see fn. 7, *ante*) gave no reason whatever for filing the applications in the Ventura office in the first place, nor any reason why the hearing should be held there. The letter simply asserted, in large part incorrectly as we have pointed out, that Board's rules and regulations give an applicant a free choice of venue and that the convenience of witnesses and the defendant are not to be considered. There was not the slightest suggestion that the applicant's chosen attorney would be unable to represent him if the hearing were set in Santa Ana. Indeed, in the absence of anything to the contrary, it would appear more convenient for applicant's attorney to appear in the Santa Ana office, only 37 miles from his own office than in the Ventura office, some 64 miles distant from his office (see fns. 16 and 17, *ante*).[18]

It is implicit in the administrative director's enumeration of various factors to be considered in determining a request for hearing at a district office other than that in which the case was originated that the WCAB judge is to weigh the competing considerations. In this case, however, there was nothing to weigh. All the information submitted by City and otherwise disclosed by the file supported the request for hearing in Santa Ana, and applicant neither presented nor pointed to anything to the contrary.

In applicant's answer to the petition for writ of review it is stated: "Respondent is well aware of the distance involved in traveling to and from the Board. However, the selection of a particular forum must be weighed by more significant considerations than travel time. One, that is foremost, is the forum's ability to set a case for hearing within a reasonable period of time of filing a Declaration of Readiness to Proceed,..." Subsequently, it is stated: "Respondent has several rea-

---

[18]At oral argument counsel for the applicant informed us that his home as opposed to his office is closer to Board's Ventura office than its Santa Ana office, but that fact is not of record and was not before the Board.

sons for the choice of the Ventura Workers' Compensation Appeals Board, one of which has been presented within this Answer ['being able to bring the case to hearing within a reasonable time upon request']." However, as applicant specifically recognizes, this reason for the applicant's choice of forum is mentioned for the first time on review; it was not asserted in counsel's letter objecting to City's request for hearing in Santa Ana, and so far as we have ascertained, was not presented to the Board in connection with the petition for removal to the Board. Moreover, there is no competent evidence in the record that cases are brought to hearing or decision any more expeditiously in the Ventura office than in the Santa Ana office.[19]

We conclude that in the circumstances shown by the record, good cause for City's request for hearing in Santa Ana was established as a matter of law.

Our conclusion is not inconsistent with the writ denied cases of *California Casualty Indemnity Exchange* v. *WCAB* (*Siegwart*) (1979) 44 Cal.Comp.Cases 1112, or *Bakersfield* v. *WCAB* (*Barger*), *supra*, 43 Cal.Comp.Cases 847. In the *Siegwart* case the applications were filed in Santa Barbara and the request to change the place of trial to Los Angeles was denied because the attorney for Siegwart was officed in Calabasas in the far northwest portion of Los Angeles County, the attorney for the defendants had his office in Thousand Oaks in Ventura County, and "both the attorney for Siegwart and the attorney for the employer handled a substantial volume of business in Santa Barbara and [the WCAB judge] therefore saw 'no hardship' in keeping the matters in Santa Barbara." (44 Cal.Comp.Cases at p. 1113.)

The *Barger* case involved a controversy as to whether the hearing should be in Bakersfield or Long Beach. The applications were filed in the Long Beach office. The City of Bakersfield's petition to have the

---

[19]There is appended to Board's answer a letter from the presiding WCAB judge in the Ventura office to Board's chairman in connection with another case in which he says: "[T]his office has consistently, over the last ten years, managed to get applications to trial faster than other offices in the southern California area. In addition, the judges here have managed to get their decisions out faster than other offices; this can be verified by the statistics filed with the Div. of Labor Statistics."

City suggests in its argument that the choice of Ventura as the forum may have involved "forum shopping." There is no evidence in the record to support any such argument. However, in several of the administrative director's memoranda to the presiding WCAB judges the possibility of abuse of "the freedom permitted by these new procedures" is specifically recognized.

matters heard in Bakersfield was denied by the WCAB judge and reconsideration was denied by the Board in a two-to-one decision. "The Board noted that Barger should be able to be represented by the counsel of his choice and that Barger's attorney's office was closer to Long Beach than to Bakersfield. The Board also noted that one defendant resided in Long Beach." (43 Cal.Comp.Cases at p. 848.) In addition, the City of Bakersfield was represented in the case by the State Compensation Insurance Fund which maintained an office in Long Beach; one of the reporting physicians had his office in Beverly Hills, 32 miles from Long Beach and approximate 105 miles from Bakersfield; and another physician whose report was filed by the City of Bakersfield had his office in Granada Hills, approximately 46 miles from Long Beach and 91 miles from Bakersfield.

It is true that in the reports of both of the cited cases one factor mentioned was that the moving party failed to set forth the names and addresses of the witnesses it intended to call. However, in both cases there were competing considerations to be weighed, whereas in the instant case there were none. Moreover, as already observed, at the time the request was made in this case City was hardly in a position to specify the witnesses it intended to call or to do more than to set forth the names and addresses of the physicians that had treated applicant to that time.

Board's order of August 18, 1980, denying the motion for removal to the Board is annulled and the matter is remanded to the Board for further proceedings consistent with this opinion.

McDaniel, J., and Morris, J., concurred.